John C. Tuite and Central National Bank, as Trustee, Plaintiffs-Appellees, v. City of Loves Park, a Municipal Corporation, Defendant-Appellant.

Gen. No. 66–82.

Second District.

April 17, 1967.

Harold H. Pahlas and Philip A. Nicolosi, of Rockford, for appellant.

Tuite, Shaw, Barden and Morrisey, of Rockford, and Biestek & Facchini, of Chicago, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Winnebago County. A declaratory judgment was brought by plaintiffs praying that the court declare the zoning ordinance of defendant, City of Loves Park, unconstitutional and void as applied to plaintiffs' property,

and further that the court enter an order permitting plaintiffs to use any part or portion of the premises for multiple dwellings or apartments similar in character to those uses located to the east and north of plaintiffs' property. At the close of the trial the court entered judgment on March 7, 1966, in favor of the defendant city and against plaintiffs, finding that the matter of allowing said change of zoning was in the exercise of the legislative powers of the city council of the City of Loves Park. Plaintiffs on March 8, 1966, filed a motion to vacate the judgment and for permission to present additional testimony. The court granted this motion. After hearing additional testimony offered by plaintiffs, the court entered a new judgment on April 15, 1966, which in substance, held that the ordinance which prevented plaintiffs from using the land for construction of three multiple-family apartment buildings of 12 units each was unconstitutional and void. After entry of this decree defendant filed a motion to vacate this judgment and sought leave to present additional testimony. The court denied defendant's motion, whereupon defendant made an offer of proof. Thereafter the defendant filed this appeal.

The City of Loves Park is located in Winnebago County and lies on the east side of the Rock River. East Drive south of River Park Road is the first dedicated street east of the River. The area from River Park Road, south and west for a distance of approximately six blocks has been zoned for single-family residences. The area north of River Park Road, on both sides of East Drive, has been zoned multiple-family with some commercial in the area of the toll bridge. The area east of East Drive and south of River Park Road is zoned multiple-family. The three lots of the plaintiffs front on the west side of East Drive and are approximately one and one-half blocks south of River Park Road in the area zoned as single-family. There appear

to be three nonconforming uses on the west side of East Drive north of the plaintiffs' property: a nursery school, a residence with two apartments and a residence used in part for saw repairs. The structures on these properties appear to be single-family residences.

To the east of East Drive in the multiple-family area there are several multiple-family structures now occupied or in the process of being constructed. Between the plaintiffs' property and the Rock River is Martin Park which is on the east shore of the Rock River which has a lagoon for fishing, various baseball diamonds, a concession stand and a boat dock. These facilities are maintained by the Park Board.

There is testimony that the granting of the rezoning for multiple-family use would increase the value of the property approximately $10,000 with minimum effects on the adjacent property.

On the original petition the Zoning Board of Appeals recommended that the subject property be rezoned but that only one 12-unit building be erected. After hearings before the City Council at which proponents and opponents of the rezoning were permitted to speak, the Council unanimously voted not to allow the rezoning classification.

On March 7, 1966, after a full hearing, the court entered judgment in favor of the defendant against the plaintiffs. Plaintiffs were permitted to reopen proofs and to call two witnesses who had been aldermen at the time the City Council voted to refuse the plaintiffs' petition to rezone. The substance of the testimony of the witnesses indicated that the then mayor influenced their judgment in casting their vote in opposition to the rezoning, interjecting the political affiliation of plaintiff Gerald Tuite. The court then reversed its decision and found in favor of the plaintiffs. After the entry of an order reversing the original judgment the defendant sought to vacate and made an offer of proof that four

of the aldermen who had voted against the change were not influenced and that their votes were based on the merits of the petition. The court denied this motion.

The City contends that the court erred in: 1) finding there was no substantial relationship between the existing zoning classification and the health, safety, morals and welfare of the community; 2) finding the action of the City Council was arbitrary and discriminatory; 3) allowing additional testimony after the entry of the original judgment; 4) disallowing the evidence sought to be presented by the appellant for the purpose of contradicting the additional testimony of the plaintiffs; and 5) permitting the zoning that would be in effect spot zoning.

■ It is a long and well established principle that zoning ordinances are presumed to be valid and should be disturbed only if, by clear and convincing evidence, they are shown to be arbitrary or unreasonable. Bennett v. City of Chicago, 24 Ill2d 270, 273, 274, 181 NE 2d 96; Jans v. City of Evanston, 52 Ill App2d 61, 67, 68, 201 NE2d 663.

■ The fact that property would be more valuable to the owner if the use restriction was removed is a factor to be considered in evaluating the reasonableness of the particular zoning ordinance. Elmhurst Nat. Bank v. City of Chicago, 22 Ill2d 396, 402, 176 NE2d 771. However, it is only one of the numerous significant factors to be considered in the determination of the validity of the restrictions and is not, by itself, decisive. Hartung v. Village of Skokie, 22 Ill2d 485, 494, 177 NE2d 328. In LaSalle Nat. Bank v. County of Cook, 12 Ill 2d 40, 46, 47, 145 NE2d 65, are detailed factors to be taken into consideration in determining the validity of a zoning ordinance. In River Forest State Bank & Trust Co. v. Maywood, 23 Ill2d 560, 563, 179 NE2d 671 appears the following:

"This court has always considered of paramount importance the question whether the subject property is zoned in conformity with surrounding existing uses and whether those uses are uniform and established. (Citation omitted.) There can be little doubt here that the surrounding area is predominantly residential in character, that this has been its long-established classification and use, and that the subject property is not inappropriate for such use. This, we think, is sufficient to sustain the restriction. The fact that the plaintiff's property might be worth more if a more intensive use were permitted is true in nearly every case where the use of private property is restricted by zoning laws and is not of itself sufficient to invalidate the ordinance." (Citations omitted.)

■ In the application of these principles to the instant case we must agree with the Trial Court's original judgment in favor of the validity of the ordinance. We are unable to find that the restrictions imposed are unreasonable and invalid. A zoning restriction, otherwise valid, will not be set aside where, as here, it realistically limits the use of the property in conformity with the character and uses of the surrounding area.

■■ We agree with the appellant City that the admission into evidence of the additional testimony after the entry of the original judgment, directed solely to the motives and reasons for the action of the City Council was error. Courts cannot investigate into the motives of the legislative branch. This is clearly an inappropriate area for judicial inquiry. Deerfield Pk. Dist. v. Progress Development Corp., 22 Ill2d 132, 140, 174 NE2d 850; 2700 Irving Pk. Bldg. Corp. v. City of Chicago, 395 Ill 138, 147, 69 NE2d 827.

The judgment of the Trial Court is reversed with directions to enter a decree in conformance with the original judgment.

Reversed and remanded with directions.

DAVIS, P. J. and MORAN, J., concur.