(No. 12233.—Judgment affirmed.)

THE PEOPLE *ex rel.* James A. Gregory *et al.* Appellants, *vs.* J. S. STROHM *et al.* Appellees.

*Opinion filed December 18, 1918.*

1. QUO WARRANTO—*what need not be set out in plea.* Where an information does not charge the respondents with usurping the offices of president and members of the board of trustees of a village nor question such title but merely charges that they are usurping the office of president, secretary and members of a pretended board of local improvements, the respondents, in pleading their authority to act as the board of local improvements, need not show in detail their election and qualification to the offices of president and members of the board of trustees.

2. MUNICIPAL CORPORATIONS—*president of village board is ex-officio president of the board of local improvements.* The president of the board of trustees of a village is by statute *ex-officio* president of the board of local improvements.

3. SAME—*superintendent of streets is a member of the board of local improvements.* Under section 6 of the Local Improvement act the superintendent of streets of a village is by operation of law a member of the board of local improvements even though there is no office of public engineer in the village; but the fact that he is such member by operation of law does not render invalid an ordinance designating the president of the village and two of the trustees as members of the board of local improvements.

4. SAME—*village board determines its own rules of procedure.* A city council or village board of trustees, under the general law, determines its own rules of procedure in the matter of adopting ordinances, subject to statutory requirements with respect thereto.

APPEAL from the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding.

C. R. PATTERSON, State's Attorney, (J. L. McLAUGHLIN, and E. J. MILLER, of counsel,) for appellants.

W. G. COCHRAN, and F. K. LEMON, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The State's attorney of Moultrie county filed an information in the nature of *quo warranto,* on the relation of James A. Gregory and forty others, against the respondents,

J. S. Strohm, T. E. Pargeon and S. A. Booker, in the circuit court of Moultrie county, charging that the respondents were usurping the offices of president, secretary and members of a pretended board of local improvements of the village of Lovington, and, as grounds for charging such usurpation, alleging that a certain ordinance purporting to create said board was not legally passed by the board of trustees of the village and that the ordinance did not make the superintendent of streets a member of the board.

The respondents filed a plea in which they set out that J. S. Strohm was and is president of the board of trustees of the village of Lovington and that T. E. Pargeon and S. A. Booker are trustees of said village; that said village at the time in question had a population of less than 50,000 and had not adopted the commission form of government; that on June 11, 1917, there was no ordinance creating and providing for the office of public engineer of said village; that ordinance No. 114, duly passed by a yea and nay vote of the board of trustees of said village in regular session, designated Pargeon and Booker, trustees of the village, and Strohm, president of the board of trustees, to be and constitute the board of local improvements of the village; that said ordinance was approved as required by law, and that thereafter the respondents constituted the board of local improvements of said village.

To this plea a replication was filed, alleging that by another ordinance, No. 10, in full force and effect when said ordinance No. 114 was passed and approved, the office of superintendent of streets of the village of Lovington was created, and that said village had at that time a duly appointed and qualified officer known as superintendent of streets who was not among those designated by ordinance No. 114 to be and constitute the board of local improvements of said village; that ordinance No. 114 was not legally passed by the board of trustees of said village; that no sufficient record or minutes of the meeting of the vil-

lage board at which ordinance No. 114 was claimed to be passed were made and kept, as required by law, and that said ordinance is void. All ordinances and purported records are fully set out in the pleadings.

To the replication the respondents filed a general and special demurrer, setting forth special matters as follows: That admitting that at the time of the designation of the board of local improvements there was an officer known as superintendent of streets who was not designated as a member of the said board, this fact would in no way bring into question the right of Pargeon and Booker, trustees, to be designated, if, in fact, there was no office of public engineer of said village provided by ordinance; that the minutes of the meeting of the board of trustees submitted in said replication are sufficient to show the legal passage of ordinance No. 114; that this is not a proper proceeding to determine the right of the superintendent of streets of said village to sit at the deliberations of the board of local improvements. The relators moved that the demurrer to the replication be carried back to the plea. The trial court sustained the demurrer to the replication and overruled the motion to carry the demurrer back to the plea. The relators elected to abide by their replication, and the court entered judgment for the respondents on their plea, quashed the writ and held the information for naught and entered judgment for costs against the relators. Exceptions were preserved and an appeal perfected to this court.

It is urged by appellants that the plea is defective in that respondents do not set up their election and qualification, respectively, to the offices of president and trustees of the village of Lovington, by virtue of which offices they may be designated as the board of local improvements, and for that reason the demurrer should have been by the trial court sustained as to the plea. The issues made do not call upon respondents to show why they hold these offices, respectively, nor does the information charge them with

unlawfully holding or usurping said offices. Appellants in their pleadings treat such president and trustees as being duly elected and qualified to said offices. In *quo warranto* the issues are made up on the pleas and replication thereto. In these pleadings no question of the election or qualification of the president and members of the village board of trustees is raised. The issue raised by the pleadings is whether respondents were legally designated as the board of local improvements of the village. The question as to the election or qualification of the president and trustees is therefore not before this court. The president of the board of trustees of the village is by statute made *ex-officio* president of the board of local improvements. As no question concerning the election or qualification of the president of the board of trustees, as such president, is raised by the pleadings, it follows, as a matter of law, that he is the legal president of the board of local improvements and that as to him this action must fail.

It is contended by appellants that the trustees, Pargeon and Booker, are not legally members of the board of local improvements for two reasons: First, that the ordinance designating said trustees as members of the board, known as ordinance No. 114, was not legally passed; and second, that said village had by ordinance created the office of superintendent of streets, and that such office existed and was filled in the manner provided by law at the time of the passage of ordinance No. 114; that neither of the trustees there designated as members of the board of local improvements was the street superintendent, and that the said ordinance was therefore void.

In support of appellants' first contention it is urged that the minutes of the village clerk do not show that said ordinance was properly passed nor what the ordinance is. The record of the village clerk as set out in the second replication of appellants is as follows: "Village board met in adjourned session at the village hall with the following roll

call," (reciting the names of the president of the village board and six trustees as present.) "President Strohm appointed T. E. Pargeon and S. A. Booker as members of the board of local improvements, and an ordinance, No. 114, designing such a board was read by the clerk and on roll call the ordinance was passed." Then follow the names of the six trustees, and opposite each name appears the word "yea." The record then proceeds as follows: "Ordinance passed unanimously." The title of ordinance No. 114 is set out in the plea of respondents and is as follows: "An ordinance designating members of the village board of trustees, who shall, with the president of said board of trustees, constitute the board of local improvements of Lovington, Illinois." Section 1 of the ordinance designates the respondents Pargeon and Booker, together with the president of the village board, as members of the board of local improvements for said village. There is added to the ordinance the following: "Passed by the local board of trustees of the village of Lovington, Illinois, this 11th day of June, A. D. 1917. Approved by the president of the board of trustees of the village of Lovington, Illinois, this 11th day of June, A. D. 1917."

Respondents aver in their plea that said ordinance, after its passage and approval by the president of the village board, was deposited with the village clerk and recorded in the village ordinance record. These averments and recitals in the plea are not traversed in the replication thereto, but appellants aver that there were no proper minutes kept of the ordinance or of its passage. By section 7 of article 3 of the act to provide for the incorporation of cities and villages, approved April 10, 1872, in force July 1, 1872, it is provided that the city council may determine its own rules of proceeding. Section 8 fixes the number necessary to constitute a quorum. Section 13 requires a yea and nay vote to be taken on the passage of all ordinances. Section 18 requires that all ordinances passed by the city

council shall, before they take effect, be deposited in the office of the city clerk. By sections 8 and 9 of article 11 of the act it is provided that the president of the board of trustees of a village, and the trustees thereof, shall perform the duties and exercise all the powers of the mayor and city council, respectively, of a city, so far as the same are applicable.

Under the general law a city council or village board of trustees shall determine its own rules of procedure in the matter of adoption of ordinances, subject to the statutory requirements therein referred to. (*Swift* v. *People*, 162 Ill. 534.) While the proceedings of the village board in this case, as shown by the minutes of the village clerk referred to, appear to have been informal in the matter of parliamentary procedure, the village trustees were all present, the ordinance was read and put upon its passage and adopted by a unanimous yea and nay vote, was approved by the president of the village board, deposited with the village clerk as required by law, and recorded in a record kept in that office known as the ordinance record. By section 12 of article 3 of the Cities and Villages act a city council or village board is required to keep a journal of its proceedings. No form of such journal is specified, neither is it set out what such journal shall contain nor whether it be in one or more books kept for that purpose. In this case it appeared that the village clerk kept a minute book and a book styled an ordinance record. The replications disclose no such violation of this section of the act as to render void the journal of proceedings of the village board. While the ordinance in question was referred to only by number in the minutes, it appears from the pleadings that the village clerk also kept an ordinance record, where said ordinance was recorded *in hæc verba*. The ordinance was passed in a manner substantially complying with the statute and was therefore legally passed.

It is also contended that the ordinance was invalid for the reason that the superintendent of streets was not designated a member of the board of local improvements. The plea of the respondents avers that the village of Lovington · had not, at the time of the passage of ordinance No. 114, created the office of city or village engineer. The fact is pleaded as justification for ordinance No. 114 designating two village trustees as members of the board of local improvements. Appellants by their first replication aver that the village had by ordinance created the office of superintendent of streets, which office was filled by appointment of such officer at the time of the passage of ordinance No. 114, and that neither of the trustees designated as members of the board of local improvements was superintendent of streets, and that the ordinance did not include the superintendent of streets as a member of the board and is therefore invalid.

Section 6 of the Local Improvement act provides, in part, as follows: "In cities having a population of less than fifty thousand (50,000) and in villages and incorporated towns, the board of local improvements shall consist of the mayor of said city, or the president of such village or town, who shall be president of such board, and the public engineer and the superintendent of streets of such municipality, where such officers shall be provided for by · ordinance; but if at any time no such officers shall be provided for, then the city council or the board of trustees, as the case may be, shall by ordinance designate two or more members of such body who shall, with such mayor or president of such village or town, until otherwise provided by ordinance, constitute the members of the board: *Provided, however,* that in cities having a population of less than fifty thousand (50,000) and in villages and incorporated towns which have heretofore adopted or shall adopt an act known as 'The commission form of municipal government' act, it shall be lawful for the council of said city, village or in-

corporated town to provide by ordinance that the board of local improvements shall consist of the mayor and any two or more of the commissioners, regardless of whether or not said offices of public engineer and superintendent of streets are provided for by ordinance." (Hurd's Stat. 1917, p. 487.)

The question involved in this contention of appellants concerns the construction of that portion of said section 6 which reads as follows: "but if at any time no such officers [public engineer and superintendent of streets] shall be provided for, then the city council or the board of trustees, as the case may be, shall by ordinance designate two or more members of such body who shall, with such mayor or president of such village or town, until otherwise provided by ordinance, constitute the members of the board." Appellants contend that in view of the fact that a superintendent of streets had been provided for in the village it is not a case where "no such officers" are provided for, and that therefore the village board was not authorized to designate members of the village board to act as members of the board of trustees.

It is a fundamental rule of construction of statutes that effect shall be given to the intention of the legislature where such intention can be ascertained from the act. In cities and villages having a public engineer and a superintendent of streets such officers are likewise members of the board of local improvements. It was evidently the intention of the legislature to secure the services of these two officials on the board of local improvements by reason of their technical or practical knowledge and experience concerning the streets of the city or village and matters of local improvement. It would, therefore, be putting a restricted construction on this act to say that because the office of public engineer had not been provided by ordinance such city or village should not have the services of the superintendent of streets on such board of local improvements.

We think the legislature intended that the superintendent of streets of the village should be, by operation of law, a member of the board of local improvements. It was likewise the intention of the legislature that the board of local improvements should consist of not less than three members, but that the village board, where there were no such officers as public engineer and superintendent of streets, "shall by ordinance designate two or more members of such body," who with the mayor or president of the village board shall constitute the board of local improvements.

The power of designating members of the board of local improvements, where such may be done, is vested in the village board. The class of persons who may be designated by ordinance as members of such board is limited to the trustees of such village, two or more of whom may be so designated. The fact that the superintendent of streets is likewise a member of such board of local improvements does not render void an ordinance designating two or more trustees as members of such board where the office of public engineer is not also provided for by ordinance. As we view the act, the village board may designate two or more trustees where the authority to pass such an ordinance exists. The number of members of such board is left to the discretion of the village board, subject to the requirement evidently intended by the legislature that it be not less than three. The fact that the superintendent of streets may or may not have acted on said board is immaterial to the issues raised here.

The circuit court did not err in refusing to carry the demurrer back to the plea or in sustaining the demurrer to appellants' replication and dismissing the information.

*Judgment affirmed.*