(No. 20113.—

Sidney Cain, Appellee, *vs.* Forrest A. Lyddon, Appellant.

*Opinion filed February 18, 1931—Rehearing denied April 8, 1931.*

George T. Liddell, City Attorney, and David D. Madden, Corporation Counsel, for appellant.

J. E. Goembel, and Frank H. Hall, for appellee.

Mr. COMMISSIONER EDMUNDS reported this opinion:

Sidney Cain, appellee, the owner of certain premises in Rockford, Illinois, applied to Forrest A. Lyddon, appellant, the building commissioner of that city, for a permit to erect a gasoline and oil station thereon. Such use of the property was permissible if it lay within an area zoned for commercial purposes. The permit was denied. Thereupon appellee filed his petition for *mandamus* in the circuit court of Winnebago county praying that appellant be commanded to issue the permit, and after a hearing by the court an order was entered granting the writ. Lyddon prayed an appeal, and the case is here on certificate of the trial court that the validity of a municipal ordinance is involved and that the public interest requires appeal to this court.

The original zoning ordinance of the city was passed in 1923. On January 14, 1929, the board of appeals recommended to the city council that the classification of the property in question, then and previous to 1923 devoted in part to a non-conforming use, be changed from "C residential" to "Commercial." On January 28, 1929, an ordinance presented January 21, 1929, which amended the ordinance of 1923 by making such change in classification, was passed. On January 29 this amending ordinance was approved and it was published on February 20, 1929. On June 10, 1929, the city council passed an ordinance repealing this amending ordinance, and this repealing ordinance was published on June 27, 1929. The court, however, refused to admit this repealing ordinance in evidence. Appellee's application for the permit was made on or about October 29, 1929.

Appellant contends that the amending ordinance of January 28, 1929, was not effective because it did not comply with the requirements of a certain section of another ordinance which was passed December 5, 1927. By the terms of the section in question it was provided that ordi-

nances proposing amendments, supplements or changes in connection with existing zoning regulations should not be offered for passage until ten days after presentation to the city council, unless such ordinances were accompanied by a communication from the board of appeals advising that all property owners directly affected had filed written consents to the amendments or changes proposed. The requirements thus laid down were not met. If they were valid the ordinance making the change in classification was not duly enacted and conferred no rights on appellee. Appellee challenges their validity on the ground that the Zoning act has specified in section 4 the methods and manner by which amendments to regulations imposed and districts created may be made and that it is not within the power of a city council to prescribe any different rule than section 4 provides.

Section 4 of the Zoning act (Cahill's Stat. 1929, chap 24, par. 524,) is as follows: "The regulations imposed and the districts created under the authority of this act may be amended from time to time by ordinance after the ordinance establishing same has gone into effect, but no such amendments shall be made without a hearing before some commission or committee designated by such council or board of trustees. At least fifteen days' notice of the time and place of such hearing shall be published in an official paper or a paper of general circulation in such municipality. In case of written protest against any proposed amendment, signed and acknowledged by the owners of twenty per cent of the frontage proposed to be altered, or by the owners of twenty per cent of the frontage immediately adjoining or across an alley therefrom, or by the owners of twenty per cent of the frontage directly opposite the frontage proposed to be altered as to such regulations or district, filed with the clerk of the city, village or incorporated town, such amendment shall not be passed except by the favorable vote of two-thirds of all of the members of

the city council in cities or of the members of the board of trustees in villages or incorporated towns."

Certainly a city council could pass no ordinance or rule setting up requirements inconsistent with those prescribed by section 4. On the other hand, the section does not expressly prohibit the enactment by a city council of ordinances or rules not inconsistent with the statutory provisions thus made, nor may it fairly be said that any prohibition of ordinances or rules not inconsistent therewith must be implied. Indeed, the references to "some commission or committee designated by such council or board of trustees," and to "at least fifteen days' notice of the time and place of such hearing," apparently denote an intention that a city council or village board of trustees may exercise powers in the premises, and that, within the statutory limits laid down, the details as to hearings and notice thereof may be prescribed by such municipal bodies. Under the general law (Cahill's Stat. 1929, chap. 24, par. 65, sec. 102,) city councils and village boards have power to pass all ordinances and rules and make all regulations proper or necessary to carry into effect the powers granted to cities and villages, and this court has said that under the general law a city council or village board shall determine its own rules of procedure in the matter of adoption of ordinances, subject to the statutory requirements therein referred to. (*People v. Strohm,* 285 Ill. 580.) The supreme judicial court of Massachusetts discussed the power of a city council to make rules, in *Nevins* v. *City Council of Springfield,* 227 Mass. 538, 116 N. E. 884. There the city had initiated statutory proceedings to lay out a street. The mayor vetoed the council order and it was passed over the veto in accordance with the rules of the council. The court said: "The statute requires certain positive steps to be taken. The objections of the mayor in writing must be extended upon the record. The measure to which the mayor has interposed his objections must be considered again. The vote must be

taken by yeas and nays. It can become operative only when passed by a two-thirds vote. There are other inherent limitations, as, for example, that the measure must be considered as a unit. It cannot be amended or changed. The very thing to which the executive objection has been made is the only measure to be considered. But aside from the limitations imposed by the positive terms and the imperative implications of the statute the parliamentary body is left free to act according to its custom. There are no other restrictions upon its conduct. No time is fixed within which the vote must be taken. There is no prohibition against reference to a committee. There is no limitation upon the freedom or length of debate. There is no inhibition against postponement of the vote from time to time. So long as the specific requirements of the statute are followed there is nothing in the statute to control further the conduct of the legislative body. The particular mode of procedure by which the final determination of that body shall be ascertained and declared, except as to the points enumerated, is left to general parliamentary procedure or to the particular rules of the legislative body." In the present case section 4 of the Zoning act does not purport to deal in any way with the question as to whether amending ordinances may be passed at once upon presentation or whether they should lie over for a time thereafter. A rule prescribing that such amending ordinances shall not be offered for passage until ten days after presentation is clearly not inconsistent with anything in section 4, nor is it inconsistent with any other requirement or provision of the Zoning act. It detracts from no safeguard provided by the act. Rather does it supplement the safeguards therein found. In *Michigan-Lake Building Corp.* v. *Hamilton,* 340 Ill. 284, this court emphasized the fact that careful, serious and intelligent consideration of amendments to zoning ordinances is contemplated by the Zoning act. Inasmuch as nothing in that act deprived the city council of power to pass the ordinance

prescribing the ten-day lay-over of future amendments to zoning ordinances, inasmuch as the requirement thus prescribed cannot be said to be unreasonable, and inasmuch as the amendment upon which appellee relies was not passed in accordance with that requirement, such amendment was invalid.

Appellee insists that *Chicago Coach Co.* v. *City of Chicago,* 337 Ill. 200, *City of Chicago* v. *Union Ice Cream Co.* 252 id. 311, *City of Marengo* v. *Rowland,* 263 id. 531, *City of Clinton* v. *Wilson,* 257 id. 580, and other cases cited, are conclusive against the power of the city to pass the ten-day lay-over ordinance here involved. The argument is without merit. In the *Chicago Coach case* it was held that the powers over utilities given the Public Utilities Commission were so complete as to leave no room for the exercise of authority by any other body. Here it is not a question of giving power to regulate zoning to some other body than the city. There is nothing in the Zoning act which calls for the conclusion that the powers given by it are so complete that city councils are thereby stripped of all other power which is otherwise inherent in them or specifically conferred by the general act, to pass rules and ordinances which may pertain incidentally to carrying out the purposes of the Zoning act. The *Union Ice Cream* and other cases cited lay down the rule that municipal ordinances must be in harmony with the general laws of the State and that in case of a conflict the ordinances must give way. In the *Union Ice Cream case* it was held that the mere fact that the State has legislated upon a subject does not necessarily deprive a city of power to deal with it by ordinance, and the court said: "Municipal corporations are bodies politic, vested with many political and legislative powers for local government and police regulations, established to aid the government by the State. The necessity for their organization may be found in the density of the population and the conditions incidental thereto. Because of this, the

municipal government should have power to make further and more definite regulations than are usually provided by general legislation and to enforce them by appropriate penalties." Nothing in these cases upholds the contention of appellee that the city council was without power to pass the ordinance laying down the rule which required the ten-day lay-over.

The judgment of the circuit court is reversed and the cause remanded, with directions to dismiss the petition.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.
*Reversed and remanded, with directions.*