Traders Development Corporation, Plaintiff-Appellant, v. Zoning Board of Appeals of Peoria County, Illinois, et al., Defendants-Appellees.

**Gen. No. 11,214.**

Second District, First Division.

February 17, 1959.

Released for publication March 6, 1959.

 

Swain, Johnson, Gard & Cation, of Peoria, for appellant.

Eugene M. Pratt, State's Attorney, Jay J. Alloy, Stanley W. Crutcher, Victor P. Michel, all of Peoria, for defendants-appellees.

PRESIDING JUSTICE SPIVEY delivered the opinion of the court.

The Circuit Court of Peoria County on defendants' motion dismissed plaintiff's complaint filed under the provisions of the Administrative Review Act, Chap. 110, Sect. 264 et seq., Ill. Rev. Stat. 1957. Plaintiff elected to stand by its complaint, and an appropriate order was entered dismissing the cause of action at plaintiff's costs. From this order plaintiff appeals.

One of the defendants, John P. Wichmann, filed a petition with the defendant, The Zoning Board of Appeals of Peoria County, Illinois, to rezone certain premises in Peoria County owned by him from Class "C" Residential District to Class "D" Commercial District under the provisions of the Peoria County Zoning Ordinance. Plaintiff and others filed objections to the rezoning.

On June 14, 1957, a full hearing was had, and on August 1, 1957, the Zoning Board rendered its findings of fact and recommended to the Peoria County Board of Supervisors that the tract be rezoned pur-

suant to Article 21 of the Peoria County Zoning Ordinance and Section 5 of the County Zoning Act, Chap. 34, Sect. 152m, Ill. Rev. Stat. 1957. The instant suit was filed to review this decision of the Zoning Board through the medium of the Administrative Review Act.

Plaintiff for reversal contends that decisions rendered by a county Zoning Board of Appeals pursuant to its functions specified in Section 5 of the County Zoning Act are reviewable as final administrative decisions under the Administrative Review Act. Defendant contends to the contrary.

Section 1 of the Administrative Review Act, Chap. 110, Sect. 264, Ill. Rev. Stat. 1957, provides in part,

" 'Administrative decision' or 'decision' means any decision, order, or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency."

A county's authority to regulate zoning is derived from statute. Chap. 34, Sects. 152i through 152p, Ill. Rev. Stat. 1957. The act permits the county board by ordinance or resolution to district and regulate the use of lands within the purposes therein expressed and to enforce the provisions of the ordinance or resolution.

Section 3.2 of the Act, Chap. 34, Sect. 152k.2, provides for the appointment of the Board of Appeals consisting of five members. Section 3.1, Chap. 34, Sect. 152k.1, authorizes the application of the ordinance or resolution to be varied in harmony with its general purpose and intent in either of two manners, (1) by the Board of Appeals or (2) by the County Board by ordinance or resolution. If by the latter method this section requires that a hearing first be had before the Board of Appeals, and if the proposed variation fails to receive the approval of the Board of Appeals, the variation ordinance or resolution must receive a

386

favorable vote of three-fourths of all the members of the County Board.

Section 3.3 of the Act, Chap. 34, Sect. 152k.3 provides:

"The board of appeals shall also hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance or resolution adopted pursuant to this Act.

"It shall also hear and decide all matters referred to it or upon which it is required to pass under any such ordinance or resolution or under the terms of this Act. The concurring vote of four members of the board shall be necessary to reverse any order, requirement, decision or determination of any such administrative official or to decide in favor of the applicant any matter upon which it is required to pass under any such ordinance or resolution, or to effect any variation in such ordinance or resolution, or to recommend any variation or modification in such ordinance or resolution to the county board. An appeal may be taken by any person aggrieved or by any officer, department, board or bureau of the county. Such appeal shall be taken within such time as shall be prescribed by the board of appeals by general rule by filing with the officer from whom the appeal is taken and with the board of appeals a notice of appeal, specifying the grounds thereof. The officer from whom the appeal is taken shall forthwith transmit to the board all the papers constituting the record upon which the action appealed from was taken.

". . .

Section 3.4 of the Act, Chap. 34, Sect. 152k.4, provides:

". . .

"All final administrative decisions of the board of appeals hereunder shall be subject to judicial review pursuant to the provisions of the 'Administrative Re-

view Act,' approved May 8, 1945, and all amendments and modifications thereof, and the rules adopted pursuant thereto. The term 'administrative decision' is defined as in Section 1 of the 'Administrative Review Act.' "

Section 5 of the Act, Chap. 34, Sect. 152m provides:

"The regulations imposed and the districts created under the authority of this Act may be amended from time to time by ordinance or resolution, after the ordinance or resolution establishing same has gone into effect, but no such amendments shall be made without a hearing before the board of appeals. At least fifteen days notice of the time and place of such hearing shall be published in an official paper or a paper of general circulation in such county, and a hearing shall be held in each township or road district affected by the terms of such proposed amendment, except that for the consideration of general amendments to a County zoning ordinance, hearings may be held in the County Court House instead of in each township or road district. In case of written protest against any proposed amendment, signed and acknowledged by the owners of twenty percent of the frontage proposed to be altered, or by the owners of twenty percent of the frontage immediately adjoining or across an alley therefrom, or by the owners of twenty percent of the frontage directly opposite the frontage proposed to be altered, or in cases where the land affected lies within one mile and one-half of the limits of a zoned municipality, by the city council or president and board of trustees of the zoned municipality with limits nearest adjacent, filed with the county clerk, such amendment shall not be passed except by the favorable vote of three-fourths of all the members of the county board."

██ The function of Boards of Appeals is twofold. In one instance it acts in a quasi judicial capaci-

388

ty as a reviewing administrative agency, and in the other as a legislative committee acting in an advisory capacity. Village of Justice v. Jamieson et al., 7 Ill. App.2d 113, 129 N.E.2d 269. When acting in a quasi judicial capacity, the decision of the Board of Appeals is reviewable as a final administrative decision under the Administrative Review Act, Village of Justice v. Jamieson et al. On the contrary, when acting as a legislative committee, its recommendations to the legislative body are not so reviewable, there being no final reviewable order. Fox et al. v. City of Springfield, 10 Ill.2d 198, 139 N.E.2d 732.

In Village of Justice v. Jamieson, involving the County Zoning Act, it was said:

"Two types of hearings are thus provided for before the Board of Appeals. Under paragraph 152k.3 it sits as a reviewing administrative agency to determine the validity of an administrative act, and from an order entered in such a hearing an appeal may be taken to the courts. Under paragraph 152m it sits as a sort of legislative committee to give parties a hearing and to give the County Board facts with respect to the merits of a proposed amending resolution, as it did in the instant case. In such a case the action having legal significance is the County Board's passage of the amending ordinance."

 Section 3.3 of the Act authorized the Board of Appeals to hear and decide appeals from decisions, orders, requirements, or determinations made by an administrative official charged with the enforcement of any ordinance or resolution adopted by the County Board. This function is quasi judicial and reviewable. Further, the Board is authorized to hear and decide all matters referred to it or upon which it is required to pass under any such ordinance or resolution or under the terms of this Act. This portion of the section is clearly a directive requiring the Board

389

to act upon reference, which would apply in the case of variances when the power to permit the same is retained by the County Board (Sect. 3.1) and on the question of amendments to the ordinance or resolution (Sect. 5). This action is legislative in nature and not reviewable.

Sect. 3.3 then continues, "The concurring vote of four members of the board shall be necessary to *reverse* any order, requirement, decision, or determination of any such administrative official or *decide* in favor of the applicant any matter upon which it is required to pass under any such ordinance or resolution, or to *effect* any variation in such ordinance or resolution, or to *recommend* any variation or modification in such ordinance or resolution to the county board." (Emphasis supplied.)

We are unable to see any inconsistency in the wording of this section with the holdings in the Village of Justice and the Fox cases. The words "or to recommend any variation (where the County Board has reserved this prerogative under section 3.1) or modification (which only the County Board is empowered to do under Section 5) in such ordinance or resolution" in no wise changes the character of the hearing before a Board of Appeals.

■ The power to amend a zoning ordinance or resolution is vested in the County Board alone by virtue of Section 5 of the Act. The enacting body regardless of the recommendations of the Board of Appeals and in spite of any judicial ruling may in their wisdom adopt any position so long as it meets the requirements of Section 5, is within the limits of authority granted by Statute, and is not unconstitutional.

Plaintiff has called our attention to several zoning cases. We find these cases neither compelling nor controlling in that they either did not pass upon the in-

stant question or were on questions of variance where the Board of Appeals retained the power to effect variances.

Section 21.1 of the Peoria County Zoning Ordinance entitled "Amendments" provides in part, "If the report of the zoning board does not recommend passage of the proposed amendment; or" and concludes, "Then such amendment shall not be passed except by a favorable vote of at least three-fourths of all members of the County Board, otherwise a majority of those present shall govern."

Plaintiff argues that if the Board of Appeals does not recommend passage of a proposed amendment to the zoning ordinance that the lack of such recommendation affects the rights and privileges of the plaintiff and consequently falls within the Administrative Review Act's definition of an "administrative decision." In that behalf it is pointed out that a failure to recommend requires a different percentage of votes to amend than if recommended.

■ We find that the portion of Section 21.1 of the Peoria County Zoning Ordinance requiring a three-fourths vote by the County Board to adopt an amendment if the Board of Appeals fails to recommend approval is in direct contravention of the County Zoning Act and is invalid. Nowhere in the Act may authority be found authorizing such a provision with respect to *amendments*. The authority to amend stems from Section 5 of the Act which spells out the conditions under which an amendment requires a vote of three-fourths of the County Board. The recommendation of the Board of Appeals is not one of them.

It is said in 101 C. J. S. Sect. 100, "Compliance with procedure prescribed by statute is a prerequisite to any valid change in Zonal boundaries or regulations in a municipality or other governmental entity."

The Supreme Court in considering a similar provision in the Cities and Villages Act on amendments to zoning ordinances said in the case of Cain v. Lyddon, 343 Ill. 217, 175 N. E. 391, "Certainly a city council could pass no ordinance or rule setting up requirements inconsistent with those prescribed by Section 4."

■ An ordinance cannot add to, subtract from, or affect the provisions of a statute (Kohler v. City of Kewanee, 321 Ill. App. 479, 53 N.E.2d 479), and if it is in conflict with a statute it is invalid (Reed v. City of Peoria, 318 Ill. App. 271, 47 N.E.2d 863, and People ex rel. Millard v. Thompson, 252 Ill. App. 168), I. L. P. Cities and Villages, Sect. 138. While the cases referred to are cases dealing with Cities and Villages ordinances, we find the same rules should apply to the adoption of ordinances or resolutions by County Boards.

■ Our authority to pass upon the validity of Section 21.1 of the Peoria County Zoning Ordinance upon the state of the record found is sustained in Liberty National Bank of Chicago v. Metrick, 410 Ill. 429, 102 N.E.2d 308, City of Greenville v. Nowlan, 279 Ill.App. 311, and I. L. P. Courts, Sect. 164.

The judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

McNEAL and DOVE, JJ., concur.