MAE JACKSON, Plaintiff-Appellant, *v.* THE VILLAGE OF RAPIDS CITY *et al.*, Defendants-Appellees.

(No. 73-110;

Third District—December 18, 1973.

Marshall E. Douglas, of East Moline, for appellant.

Sam L. Oakleaf, of Moline, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Rock Island County allowing a motion to dismiss a complaint for writ of mandamus

filed by plaintiff Mae Jackson, as against the Village of Rapids City, Illinois, and the Building Inspector of such Village.

Plaintiff Mae Jackson, who is the owner of real estate in the Village of Rapids City, applied for a building permit. Following the denial of the application, plaintiff petitioned the Village of Rapids City Board of Zoning Appeals for a variance to permit erection of a large garage upon the premises for use in connection with her son's business. It involved a building permit for a 45 foot by 75 foot commercial corrugated garage on a lot zoned so as to prevent such use. The purpose was, additionally, to store heavy earth-moving machinery, tractors and trucks in the garage. The Zoning Board of Appeals, in its publication notice, indicated that a hearing would be held on the basis of such request, which was described as a request for "a variance in the village zoning ordinance to rezone premises zoned as residential for the purpose of erecting a garage for storage of heavy machinery." Such use was not sanctioned in the residential district, but was sanctioned in other classifications of the zoning ordinance. Following the hearing, the plaintiff asserts that the Zoning Board of Appeals voted to approve the variation. It is stated that there is no record of the precise form of the action by the Zoning Board of Appeals. Thereafter, the Village Board of Trustees met and elected to overrule or refuse to accept the Zoning Board of Appeals' recommendation for such variance.

Following the action of the Village Board, plaintiff filed an action in mandamus seeking to compel the Village and the Building Inspector to grant her the building permit. Plaintiff's action is based upon the contention that the action of the Zoning Board of Appeals was of such character that the failure of the Village to appeal from the decision of the Zoning Board of Appeals made it final and binding upon the Village. The Village contends that all the Zoning Board of Appeals was authorized to do, and did in fact do, as a result of the hearing was to recommend to the Village Board that variance from the terms of certain regulations be granted, and that the Board of Trustees of the Village refused to accept such recommendation and denied such variance. Following the institution of the mandamus action, a motion to dismiss the complaint for mandamus was filed by the Village which essentially asserted that the power of the Zoning Board of Appeals with respect to granting variations in rezoning was limited to recommending to the Board of Trustees of the Village, the action which it recommends be taken and that the power to grant variations or rezoning of the character involved herein was reserved exclusively by the Village Ordinance to the Board of Trustees of the Village. The Village Board of Trustees

rejected the recommendation of the Zoning Board of Appeals by a unanimous vote.

The issue before us is whether the action of the Zoning Board of Appeals was a final administrative decision. This involves a determination of whether the ordinance of the Village (which limits the power and capacity of the Zoning Board of Appeals to hear and decide appeals only when it is alleged by appellant that there is an error in any order, requirement, decision or determination made by the Building Inspector) was an unconstitutional exercise of power and invalid by virtue of Illinois Revised Statutes 1971, ch. 24, § 11—13—13. Section 11—13—13 of chapter 24, Illinois Revised Statutes, 97, simply provides for review of final administrative decisions of the Board of Appeals under the terms of the Administrative Review Act. It does not purport to cover any decisions other than final administrative decisions of the Zoning Board. It, therefore, becomes essential for us to review the legislation applicable to the issue before the Court.

Section 11—13—5 of chapter 24 of Illinois Revised Statutes (1971) provides:

"In municipalities of less than 500,000 population, the regulations authorized by this Division 13 may provide that the board of appeals or corporate authorities may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules therein contained in cases where there are practical difficulties or particular hardship in the way of carrying out the strict letter of any of those regulations relating to the use, construction, or alteration of buildings or structures or the use of land. *If* the authority to determine and approve variations is vested in the board of appeals it shall be exercised in accordance with the conditions prescribed in Section 11—13—4, subject to the power of the corporate authorities to prohibit, in whole or in part, the granting of variations in respect to the classification, regulation and restriction of the location of trades and industries and the location of buildings designed for specified industrial, business, residential and other uses. *If* the power to determine and approve variations *is reserved* to the corporate authorities, it shall be exercised only by the adoption of ordinances. However, no such variation shall be made by the corporate authorities as specified without a hearing before the board of appeals." (Emphasis added.)

The zoning ordinance for the Village of Rapids City, Illinois, in Section VIII, Paragraph D-3-a and b, specifying the powers of the Zoning Board

of Appeals of the Village of Rapids City, states that the Board of Appeals shall have powers and duties "(a) to hear and decide appeals when it is alleged by the appellant that there is an error in any order, requirement, decision·or determination made by the building inspector." Such village ordinance likewise provides in Paragraph D-3-b, that the Zoning Board of Appeals has power to *recommend* in specific cases "such variance from the terms of these regulations as will not be contrary to the public interest," when, owing to special conditions fully demonstrated on the basis of the facts presented, literal enforcement of such standards against a particular piece of property would result in great practical difficulty or unnecessary hardship.

It is notable in Section 11—13—5, chapter 24 of Illinois Revised Statutes 1971, referred to, it is provided that *if* the authority to determine and approve variations is vested in the board of appeals it shall be exercised subject to the power of the corporate authorities to prohibit, in whole or in part, the granting of variations with respect to the classification,· regulation and restriction of buildings designed for specified industrial, business, residential and other uses. It likewise provides that *if* the power to determine and approve variations is reserved to the corporate authorites, it shall be exercised only by the·adoption of ordinances by the corporate authorities.· Pursuant to the state enabling act, it is provided that no variation is to. be made by the corporate authorities without a hearing before the Zoning Board of Appeals.

It is, therefore, apparent that the ordinance of the Village of Rapids City specifically limited the· power of the Zoning Board of Appeals with respect to variations or rezoning of the character before us to the role of making recommendations to the Village Board. The Zoning Board of Appeals was not vested with the power to make final administrative decisions as to such matters by the Village Zoning Ordinance. It is consequently pointed out by appellee ·that the Zoning Board of Appeal's approval of the variance sought by the plaintiff was nothing more than a recommendation to the Village Board of Trustees, and that when the Village Board refused to accept the recommendation, the variance was not granted. In such case there would be no final administrative decision of the Zoning Board of ·Appeals and, as a consequence, the mandamus action instituted by plaintiff should be properly dismissed.

. The issue which is before us was discussed and considered at length in the case· of .*Traders Development Corp. v. Zoning Board of Appeals of Peoria County*, 20 Ill.App.2d 383, 388-389, 156 N.E.2d 274, where the appellate court stated specifically, in describing the function of the zoning board of appeals, where an ordinance of the character which is now before us was being considered, that:

"The function of Boards of Appeals is twofold. In one instance it acts in a quasi judicial capacity as a reviewing administrative agency, and in the other as a legislative committee acting in an advisory capacity. * * * When acting in a quasi judicial capacity, the decision of the Board of Appeals is reviewable as a final administrative decision under the Administrative Review Act * * *. On the contrary, when acting as a legislative committee, its recommendations to the legislative body are not so reviewable, there being no final reviewable order."

The state enabling act provided for hearings before the Zoning Board of Appeals in all proceedings. As stated in *Traders Development Corp. v. Zoning Board of Appeals of Peoria County*, 20 Ill.App.2d 383, 389, 156 N.E.2d 274, the Board of Appeals is authorized to hear and decide appeals from "decisions, orders, requirements or determinations made by an administrative officer charged with the enforcement of any ordinance or resolution adopted by the County Board. This function is quasi judicial * * *." The Board of Appeals is also authorized to hear and report on matters referred to it such as applications for variances or rezoning by amendment where this power is retained by the legislative body. This pattern was retained in the Village of Rapids City ordinance.

■■ In the cause before us, the Zoning Board of Appeals was not authorized to make a final administrative decision as to the variance requested. The effect of action by the Zoning Board of Appeals on the request for variance, therefore, was not final in its nature, and was not appealable under the Administrative Review Act. The action of the Village Board of Trustees was a final disposition of the request, when it refused to accept the recommendation of the Zoning Board of Appeals. As a consequence, the mandamus action, predicated upon a contention that the action of the Zoning Board of Appeals was final in nature cannot be sustained. The trial court properly allowed the motion to dismiss such action.

■■ We find no support for plaintiff's contention that the ordinance of the Village of Rapids City represented an unconstitutional exercise of power or that the section providing for administrative review of final decisions of the administrative arm (the Zoning Board of Appeals) made the section limiting the capacity of the Zoning Board of Appeals to act on rezoning matters or matters relating to a variance of the type involved in this cause (as to a change in the usage of property) is invalid by virtue of the section simply providing for administrative review of final orders of the Zoning Board of Appeals.

As is clearly evident from the language of the enabling act herein referred to (Ill. Rev. Stat. 1971, ch. 24, § 11—13—5), the legislation

which is sanctioned in such provisions, specifically granted authority to the legislative body of the Village of Rapids City to reserve to the corporate authorities the power to determine and approve variations of the type involved in this case. This was done by the village ordinance, and the power of the Zoning Board of Appeals, insofar as it could render any final decision, was limited to determination of whether there was an error under the existing zoning ordinance in any order, requirement, decision or determination made by the building inspector. There was no lack of power in the Village Board to enact an ordinance of this character and its implementation in the cause before us, through action by the Village Board of Trustees in rejecting the report or recommendation of the Zoning Board of Appeals, was within the power of the Village Board.

The action of the trial court in allowing the motion to dismiss the complaint for mandamus was clearly proper and the court's conclusion, that the power of the Zoning Board of Appeals was limited to making recommendations in proceedings of the character involved in this case and that the zoning ordinance of the Village of Rapids City is not unconstitutional but contains valid provisions with respect to the procedures as we have indicated, was proper and is, therefore, approved.

The order of the Circuit Court of Rock Island County is, therefore, affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.