In re ELGIN SPECIAL ASSESSMENT.—(THE PEOPLE ex rel. WALTER BARNER et al., Plaintiffs-Appellees, v. THE CITY OF ELGIN et al., Defendants-Appellants.)

Second District   No. 78-159

Opinion filed April 6, 1979.

Erwin W. Jentsch, Corporation Counsel, of Elgin, for appellants.

Gromer, Abbott, Wittenstrom & Strom, Imming, Faber & Roeser, and Wotan, Muscarello, Crisanti & Young, all of Elgin, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court: ·

The City of Elgin, its board of local improvements and the individual members thereof appeal from an order of the Circuit Court of Kane County which, in consolidated cases of quo warranto and special assessment, ousted the board members from office and dismissed the city's petition to levy a special assessment.

The City of Elgin provided by ordinance on May 14, 1975, under the authority of section 5—3—11 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 5—3—11), that its board of local improvements should consist of the mayor and four members of the city council. Thereafter Richard Verbic, mayor of the city, and Harry Barnes, Robert Gilliam, Judith Strattan and Ronald Beckman, members of the city council, were appointed to fill the positions on the board. On October 1, 1975, the board recommended the making of a local street improvement at a cost of $2,023,796.18 to be paid for by special assessment and the city council adopted an ordinance authorizing the improvement on November 12. The city filed a petition in the circuit court on March 22, 1977, to levy the special assessment to which numerous objections were thereafter filed by affected property owners. Certain of the objectors were then granted leave to file a complaint in quo warranto against the city, the board of local improvements and the individual members thereof (the attorney general and State's attorney having declined to do so) which alleged that the members of the board of local improvements unlawfully held office because, it was contended, section 5—3—11 of the Illinois Municipal Code precluded the mayor and city council members from serving on the

city's board of local improvements. The special assessment and quo warranto proceedings were consolidated and, on February 2, 1978, an order was entered in which the trial court found that the board members unlawfully held office in violation of section 5—3—11, as alleged by the objectors, and ousted them from office. The court also found that the failure of the city to appoint a board of local improvements in compliance with section 5—3—11 rendered the special assessment sought to be confirmed void ab initio and it dismissed the petition to levy the special assessment. The city, the board and the individual members thereof (hereafter "defendants") appeal.

The dispositive issue is whether section 5—3—11 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 5—3—11) precluded the mayor and council members from being appointed to the board of local improvements.

The City of Elgin is organized under the managerial form of municipal government. (Ill. Rev. Stat. 1973, ch. 24, pars. 5—1—1 through 5—5—6.) Section 5—3—11 of the Illinois Municipal Code governs the creation of a board of local improvements for such a municipality and provides that it may, by ordinance, provide for the appointment of members of such a board by the mayor with the consent of the council and that "[s]uch members may be appointed from persons holding *other offices or positions* in the government of the city * * *." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 24, par. 5—3—11.

Objectors contend, and the trial court apparently so found, that the "plain meaning" of the quoted sentence is that only persons holding offices or positions in the city government other than mayor and city council member may be appointed to the board.

Defendants contend the proper construction is simply that a person may hold some other office or position in the city government, that is, other than a position on the board, yet still be appointed to the board.

■■■ The issue presented as to the meaning of section 5—3—11 is one of first impression. The cardinal rule of statutory construction is that the true intent and meaning of the legislature must be ascertained and given effect. Such legislative intent is sought primarily from the language used in the statute, which affords the best means of its elucidation, and the language employed in a statute will be ascribed its ordinary and popularly understood meaning unless to do so would defeat the legislative intent. (*Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 194, 381 N.E.2d 222, 224; *McQueen v. Erickson* (1978), 61 Ill. App. 3d 859, 862-63, 378 N.E.2d 614, 617.) In our view the clear meaning of the statutory language in question is merely to indicate that a person may hold another city government position at the same time he is a member of the board of local improvements, and was not intended to mean that all city

government officials except the mayor and council members are eligible, and we so hold.

Neither of the arguments urged by objectors in support of their construction of the statute is convincing. They contend that in section 6—4—11 of the Illinois Municipal Code the legislature expressly provided that in the strong mayor form of municipal government the mayor is to be a member of the board of local improvements (Ill. Rev. Stat. 1973, ch. 24, par. 6—4—11) and would have also expressly provided for the mayor and council members in section 5—3—11 if it was intended that they could be appointed to the board. It is apparent that under the strong mayor form of government the legislature mandated a position for the mayor on the board because of the nature of that form of government. Under the managerial form, on the other hand, the legislature did not find it necessary to mandate that any certain persons serve on the board and did not do so. This is no indication that the mayor and council members are ineligible. Objectors also contend that to allow the mayor and council members to be appointed to the board would be to permit a sham since they would be unlikely to vote against confirmation of their appointments or an ordinance authorizing any improvement they recommended as board members. Thus they invoke the rule of construction that where more than one construction of statutory language is possible the court will avoid an interpretation that will lead to an absurd result. (*Illinois National Bank v. Chegin* (1966), 35 Ill. 2d 375, 378, 220 N.E.2d 226, 228; *Metropolitan Sanitary District v. City of Des Plaines* (1976), 36 Ill. App. 3d 726, 728, 344 N.E.2d 729, 731.) The absurdity and sham referred to by objectors is not so apparent in our view. We note that the legislature has provided that in cities having a population of less than 100,000 and in villages, where such cities and villages have adopted the commission form of municipal government, the corporate authorities may provide that the mayor and any two or more commissioners shall sit as the board of local improvements (Ill. Rev. Stat. 1973, ch. 24, par. 9—2—7) without apparent concern over the fact that the bodies recommending and authorizing local improvements would have members in common.

As this case must be reversed on the ground discussed we need not consider here the further grounds for reversal urged by defendants. The judgment of the Circuit Court of Kane County ousting the members of the City of Elgin Board of Local Improvements and dismissing the City of Elgin's petition to levy a special assessment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LINDBERG and RECHENMACHER, JJ., concur.