MARQUETTE PROPERTIES, INC., *et al.,* Plaintiffs-Appellees, v. THE CITY OF WOOD DALE *et al.,* Defendants-Appellants.

Second District   No. 2—86—1140

Opinion filed August 12, 1987.—Rehearing denied September 15, 1987.

Erwin W. Jentsch and John J. Zimmermann, both of Bradtke & Zimmermann, of Mount Prospect, for appellants.

Bruce T. Logan and Lawrence M. Freedman, both of Ash, Anos, Freedman & Logan, of Chicago, for appellees.

JUSTICE NASH delivered the opinion of the court:

Defendants, the city of Wood Dale and Geraldine Jacobs, its city clerk, appeal from a summary judgment entered in favor of plaintiffs, Marquette Properties, Inc., and the National Housing Partnership, in a declaratory judgment action. The trial court determined that section 24—1105(C) of the city of Wood Dale Zoning Code (Wood Dale, IL, Zoning Code sec. 24—1105(C) (1984)) was invalid and ordered that a special use permit be issued to plaintiffs by the city. On appeal, defendants contend that the trial court improperly held invalid the Wood Dale zoning ordinance requirement that two-thirds of the members of the city council must approve a special use permit if the zoning board of appeals has recommended against the permit.

Plaintiffs sought issuance of a special use permit for a planned unit development in the city of Wood Dale. The zoning board of appeals recommended that the permit be denied, and the question was then placed before the Wood Dale city council for consideration. Five members, including the mayor, voted to grant the special use, and

four members voted to deny it. The city council considered plaintiffs' permit request to be denied as there is a requirement in the Wood Dale zoning code that two-thirds of the city council must approve the permit if the zoning board of appeals has recommended against approval.

Plaintiffs brought this action for declaratory judgment and other relief in which they alleged that because section 11—13—1.1 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 11—13—1.1) did not specifically require more than a simple majority vote of a city council to override a negative recommendation from the zoning board of appeals, Wood Dale had no authority to require a two-thirds majority in its ordinance. Plaintiffs sought declaration that Wood Dale's zoning ordinance was invalid to the extent that it required a two-thirds vote override and that the special use permit was thus approved by the city council by a majority vote. Both parties moved for summary judgment, which the trial court granted in favor of plaintiffs, and this appeal followed.

Section 11—13—1.1 of the Municipal Code provides:

"A special use shall be permitted only after a public hearing before some commission or committee designated by the corporate authorities, with prior notice thereof given in the manner as provided in Sections 11—13—6 and 11—13—7." (Ill. Rev. Stat. 1985, ch. 24, par. 11—13—1.1.)

The statute contains no language regulating the procedure which a city council is to follow in determining whether to grant a special use permit. In contrast, section 11—13—10 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 11—13—10) provides that for municipalities having less than 500,000 in population a zoning variation ordinance requires a two-thirds vote of the governing body of the municipality if the variation request has been denied by the zoning board of appeals. Plaintiffs argue that as the legislature failed to include a similar voting requirement for approval of a specific use, it can be implied that the legislature intended that special use may be granted even where the zoning board recommended against it, where a simple majority of the city council voted in favor of the special use.

Plaintiffs argue that the requirement of a two-thirds vote of the city council provided in its zoning ordinance to override a decision of the zoning board of appeals is inconsistent with the implication they find in section 11—13—1.1 that no extraordinary vote requirement is necessary. In support, plaintiffs cite *Traders Development Corp. v. Zoning Board of Appeals* (1959), 20 Ill. App. 2d 383, 156 N.E.2d 274, in which the court rejected that plaintiff's attempt to obtain review of

the zoning board of appeal's decision under the Administrative Review Act, holding that the board of appeal's recommendation was not a reviewable administrative decision. Plaintiff had argued that the county zoning ordinance's requirement of a three-quarters vote to override by the county board in the case of a negative recommendation from the zoning board, instead of a simple majority as was needed otherwise, meant that the board of appeal's decision affected rights and privileges of the plaintiff and constituted a final administrative decision. The reviewing court held that a county zoning ordinance's requirement of more than a simple majority was invalid as it was in contravention of the County Zoning Act, which had no such requirement. 20 Ill. App. 2d 383, 391, 156 N.E.2d 274.

■■ ■ To the extent that the holding of the court in *Traders* may suggest that the failure of the legislature to expressly restrict a governing body's discretion in voting to approve a special use requires that it adopt a simple majority rule, we would not follow it. Where something is expressly permitted or mandated by statute under certain circumstances, but another part of the statute dealing with another set of circumstances expresses no similar authority, it may well be that under the latter part there is simply no mandate as to what should occur. Thus, in the case of *In re Elgin Special Assessment* (1979), 70 Ill. App. 3d 292, 295, 388 N.E.2d 470, this court held that the fact that one section of the Illinois Municipal Code expressly provided that the mayor was to be a member of the board of local improvements, while another section did not so provide, did not indicate that under the latter section the mayor could not be a member of the board of local improvements. The court held that under the latter portion it was just not mandated that the mayor be a member. We agree with defendants that where the statute is silent, the city is free to adopt and follow its own rules of procedure. See *Cain v. Lyddon* (1931), 343 Ill. 217, 221, 175 N.E. 391.

■■ We also reject plaintiffs' argument that by requiring a two-thirds vote to override the zoning board of appeals the city was impermissibly adding to the statute. An ordinance cannot add to, subtract from, or affect the provisions of a statute. (*Kohler v. City of Kewanee* (1944), 321 Ill. App. 479, 486, 53 N.E.2d 479.) Here, rather than adding to the requirements of the statute, the two-thirds override requirement of the ordinance merely defined the procedure by which the city council was to determine whether a special use was to be permitted.

■■ Municipal corporations which are not home rule units have only the powers expressly granted to them by the General Assembly

and those necessarily implied or incident to the powers expressly granted. (*Appeal Board v. United States Steel Corp.* (1971), 48 Ill. 2d 575, 577, 272 N.E.2d 46.) Plaintiffs' argument that by imposing upon itself a two-thirds override requirement the city was exceeding its authority is not persuasive. If anything, by imposing such a requirement, the city was restricting its delegated powers under certain circumstances.

■ Despite the fact that we cannot agree with any of the bases upon which plaintiffs urge that the trial court's judgment be affirmed, we conclude that the judgment was correct. Our decision rests not on the language contained in sections 11—13—1.1 or 11—13—10 of the Municipal Code, which are relied upon by the parties, but rather upon section 3—11—17 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 3—11—17), cited by neither party. We conclude that the clear mandate of that statute is determinative of the issue raised here. Section 3—11—17 provides:

> "The passage of all ordinances for whatever purpose, and of any resolution or motion (1) to create any liability against a city or (2) for the expenditure or appropriation of its money, shall require the concurrence of a majority of all members then holding office on the city council, including the mayor, unless otherwise expressly provided by this Code or any other act governing the passage of any ordinance, resolution, or motion ***."

(Ill. Rev. Stat. 1985, ch. 24, par. 3—11—17.) Since section 11—13—1.1 allows municipal authorities to adopt an ordinance for the classification of special uses, and is silent as to how many members of the city council must approve such an ordinance, under section 3—11—17 a simple majority of the council would be required to do so. However, it must be determined whether it is necessary for the city council to grant a special use permit for a planned unit development by ordinance, or may do so by resolution or lesser order. If it is necessary for the city council to do so by ordinance then, under the terms of section 3—11—17, that ordinance must receive a favorable vote from a simple majority of the council to be approved.

The Wood Dale zoning ordinance, of which we take judicial notice (Ill. Rev. Stat. 1985, ch. 110, pars. 8—1001, 8—1002; *Szczurek v. City of Park Ridge* (1981), 97 Ill. App. 3d 649, 422 N.E.2d 907, *appeal denied* (1981), 85 Ill. 2d 575), provides that a special use permit for a planned unit development be approved by an ordinance. (Wood Dale Zoning Code, art. XXVI (May 17, 1984).) It necessarily follows that the simple majority voting requirement of section 3—11—17 of the

Municipal Code is applicable here.

■■ Defendants argue that language in the special use statute (Ill. Rev. Stat. 1985, ch. 24, par. 11—13—1.1) gives the city the authority to require more than a simple majority vote to permit a special use. The statute reads, in part:

" A special use shall be permitted only upon evidence that such use meets standards established for such classification in the ordinances, and the granting of permission therefor may be subject to conditions reasonably necessary to meet such standards."

Defendants interpret the phrase "and the granting of permission therefor may be subject to conditions reasonably necessary to meet such standards," as meaning that if the corporate authority believes it necessary to protect the public from arbitrary zoning, it may require a two-thirds vote of the council in order to approve certain zoning changes. We do not agree that this is a reasonable interpretation of the statute. The primary rule of statutory construction is to ascertain and effectuate the legislature's intent. In determining the intent of the legislature, a court must look first to the statutory language. (*County of DuPage v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076; *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167.) The plain language of the statute is that any higher conditions attached are those to be placed upon the party seeking the special use permit in order to ensure that compliance with the standards is met. This language does not encompass a special voting requirement in order to grant the special use permit.

Accordingly, the judgment of the circuit court of Du Page County is affirmed on these grounds.

Affirmed.

DUNN and HOPF, JJ., concur.