BANK OF ELK GROVE, as Trustee, Plaintiff-Appellant, v. THE CITY OF JOLIET, Defendant-Appellee.

Third District   No. 3—87—0786

Opinion filed June 24, 1988.

Thomas R. Wilson, of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellant.

Thomas A. Thanas, Corporation Counsel, of Joliet (Jeffrey S. Plyman, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Bank of Elk Grove, brings this action against the

defendant, the City of Joliet (City), seeking a judicial declaration that the requisite majority of Joliet's council members had approved its applications for rezoning, a special use permit and planned unit development. Plaintiff owns a 65-acre tract of land in the City of Joliet which it seeks to develop. In order to enable development, the plaintiff filed applications with the city for rezoning, a special use permit and planned unit development. The City's plan commission recommended denial of the applications, and the city council voted five in favor of and four against granting the applications. Prior to becoming a home rule municipality, the City adopted its zoning ordinance providing in case of an adverse report by the plan commission a proposed amendment to its zoning ordinance shall not be passed except by a favorable vote of two-thirds of the city council. The city council declared the applications had failed to receive approval by the majority vote as it did not constitute a two-thirds vote. The plaintiff sought a judicial declaration that the majority vote approved its applications; the parties submitted a stipulation of facts, filed cross-motions for summary judgment and judgment was entered for the City. The trial court felt that the City of Joliet did not have the authority to enact the supermajority requirement in 1968. However, the court held that the ordinance was procedural and stated that it was unnecessary for the City to reenact the ordinance after obtaining home rule status. From that judgment the Bank of Elk Grove appeals.

On appeal, the plaintiff argues that the trial court was in error in granting the City of Joliet's motion for summary judgment. Specifically, the plaintiff argues that the ordinance's requirement of a supermajority vote of the city council for passage of a proposed amendment to the zoning ordinance in case of an adverse report by its plan commission was void when the ordinance was adopted on December 5, 1968. The plaintiff makes a number of additional arguments; however, due to the view we take with regard to the plaintiff's first argument, it is unnecessary to discuss the remaining contentions.

Section 47—20.1 of the City of Joliet Zoning Ordinance (Joliet Zoning Ordinance §47—20.1 (1968)), requires a favorable vote of two-thirds of all the members of its city council to adopt an amendment to the ordinance reclassifying zoning in case of an adverse report of its plan commission. The ordinance was adopted on December 5, 1968, prior to the City's attaining home rule status. This provision for supermajority has not been readopted or reenacted since the City of Joliet attained home rule status. Section 11—13—14, of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 11—13—14), in effect both now and at the time of the adoption of Joliet's zoning ordinance

in 1968 (Ill. Rev. Stat. 1967, ch. 24, par. 11—13—1.), provides in part:

"In case of a written protest against any proposed amendment of the regulations or districts, *** is filed with the clerk of the municipality, the amendment shall not be passed except by a favorable vote of two-thirds of all of the aldermen or trustees of the municipality." (Ill. Rev. Stat. 1985, ch. 24, par. 11—13—14.) The City's zoning authority at the time of adoption of its zoning ordinance in 1968 was governed by the Municipal Code. The Code permitted a two-thirds vote requirement only in the case of a written protest. (Ill. Rev. Stat. 1967, ch. 24, par. 11—13—1.) The legislature has not granted any authority to require more than a majority vote in case of an adverse recommendation by the plan commission.

The City of Joliet argues that the supermajority vote requirement, when adopted in 1968, was a valid exercise of the City of Joliet's pre-home-rule authority to adopt procedural rules relating to its zoning ordinances. In support of this contention the City cites *Cain v. Lyddon* (1931), 343 Ill. 217, 175 N.E. 391. In *Cain*, the Illinois Supreme Court stated:

"[C]ity councils and village boards have power to pass all ordinances and rules and make all regulations proper or necessary to carry into effect the powers granted to cities and villages, and this court has said that under the general law a city council or village board shall determine its own rules of procedure in the matter of adoption of ordinances, subject to the statutory requirements therein referred to." (*Cain v. Lyddon* (1931), 343 Ill. 217, 220, 175 N.E. 391, citing *People v. Strohm* (1918), 285 Ill. 580, 121 N.E. 223.) The defendant argues that the supermajority requirement of section 47—20.1 (Joliet Zoning Ordinance §47—20.1 (1968)), as adopted in 1968, was a legitimate exercise of the City of Joliet's power to adopt procedural rules under *Cain*.

The defendant's argument is incorrect. Although it is true that a city has the authority to adopt procedural rules that do not conflict with present statutory authority under *Cain*, it is equally clear that a city may not adopt rules which affect a party's substantive rights. (*Cain v. Lyddon* (1931), 343 Ill. 217, 175 N.E. 391.) A finding that the supermajority requirement of section 47—20.1 (Joliet Zoning Ordinance §47—20.1 (1968)) is purely a procedural rule would be a triumph of form over substance. The supermajority requirement encompasses no clear distinction between its procedural and substantive ramifications. Clearly, the supermajority requirement has substantive effects upon a party requesting a zoning change. Consequently,

the supermajority vote requirement of the City of Joliet's zoning ordinance was void when adopted.

In *Traders Development Corp. v. Zoning Board of Appeals* (1959), 20 Ill. App. 2d 383, 156 N.E.2d 274, the court found that section 21.1 of the Peoria County Zoning Ordinance, which required a three-fourths vote by the county board to adopt an amendment if the board of appeals failed to recommend approval, was in direct contravention of the County Zoning Act (Ill. Rev. Stat. 1957, ch. 34, par. 152m) and was invalid. The court further stated that the act did not contain any authority authorizing such a provision with respect to amendments. *Traders*, 20 Ill. App. 2d 383, 156 N.E.2d 274.

The defendant argues that *Traders* was repudiated in the case of *Marquette Properties, Inc. v. City of Wood Dale* (1987), 159 Ill. App. 3d 307, 512 N.E.2d 371. *Marquette Properties* involved a supermajority voting requirement on a land use change as imposed by the non-home-rule municipality of Wood Dale. Although the appellate court found that a municipality is authorized to adopt its own rules of procedure where a statute is silent, and that the supermajority vote was not impermissibly adding to the statute, the court ultimately found the ordinance unenforceable due to the language contained in section 3—11—17 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 3—11—17). The court found that the statute's mandate, requiring a mere majority vote, was determinative of the case and affirmed the trial court's judgment for the landowner.

The *Marquette* court discussed the opinion in the *Trader* case. Although the two courts arrive at the same result, the *Marquette* court stated in *dicta* that it would not follow the rationale of the *Traders* decision. *Marquette*, however, did not overrule the *Traders* decision but rested its decision, as did *Traders*, squarely on a statutory provision. *Marquette Properties v. City of Wood Dale* (1987), 159 Ill. App. 3d 307, 512 N.E.2d 371.

In the present case, the City of Joliet was not a home rule municipality at the time of the adoption of the supermajority requirement. Because the ordinance was void at the time of its adoption, as illustrated in the *Traders* and *Marquette Properties* decisions, the question becomes whether the supermajority requirement attained validity upon the City obtaining home rule powers in 1971.

■ ■ The subsequent acquisition of home rule powers does not alter the validity of existing ordinances in and of itself. A municipal ordinance, which is invalid because the municipality lacked power to adopt it, is not validated by the acquisition of home rule powers. (*City of Chicago v. Santor* (1975), 30 Ill. App. 3d 792, 334 N.E.2d 176.) In

the instant case, the City of Joliet has not readopted or reenacted the supermajority vote provision since attaining home rule powers. The provision, being void at the time of its adoption in 1968, was not validated by the subsequent adoption of home rule authority in 1971. The affirmative, simple majority vote of all members of the Joliet City Council approved all applications for rezoning, planned unit development and special use permit.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and remanded for any further proceedings that are required.

Reversed and remanded.

SCOTT and WOMBACHER, JJ., concur.