Joseph Camardo, Plaintiff-Appellee, v. Village of La Grange Park, a Municipal Corporation, Defendant-Appellant.

Gen. No. 49,780.

First District, Fourth Division.

July 28, 1965.

Edward S. Cody, Thomas A. Matthews and Byron S. Matthews, of Chicago, for appellant.

Bernard C. Arkules, of Chicago, for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

Joseph Camardo, hereafter referred to as the plaintiff, brought an action in the Circuit Court of Cook

County, asking that the defendant, Village of La Grange Park, be compelled to issue permits for the construction of three single family residence buildings on three separate lots, each with a 25-foot frontage. Judgment was entered against the defendant Village on a motion for summary judgment and from that judgment this appeal is taken. The appeal was first taken to the Supreme Court which transferred the case to this court on the ground that it had no jurisdiction to consider. In other words, the Supreme Court has said that there was no substantial constitutional question involved in the appeal.

One lot was located at 516 Harding, hereafter referred to as Parcel 1, and was subdivided and described in a plat recorded on October 2, 1926. The property located at 1212 and 1204 Maple Avenue, hereafter referred to as Parcels 2 and 3, respectively, was subdivided and described in a plat recorded in 1924. These lots all had frontages of 25 feet and were surrounded on both sides by improved property. Plaintiff made application, along with plans and specifications, to the Building Commissioner of the Village for permits to allow the construction of single family dwellings on each of the parcels equal to 1,-160 square feet. Since the buildings would occupy more than 30 per cent of the lot area, such permits were refused. The plaintiff appealed to the Zoning Board of Appeals and the Board in each instance affirmed the action of the Building Commissioner in refusing to issue the permits. Under the ordinance the Zoning Board of Appeals could not grant variations. Such right was reserved for the Board of Trustees.

The Zoning Board of Appeals held public hearings and the Village Manager stated to the Board of Appeals at the hearing that to issue the permits would be a violation of the zoning ordinance. The Zoning

Board of Appeals recommended to the Board of Trustees that the denial of the permits should be sustained and the Board of Trustees ruled accordingly. Thereupon, the plaintiff filed in the Circuit Court of Cook County a suit against the Village.

A large part of the briefs of both parties is devoted to the question of whether or not under all the circumstances the appeal should have been taken pursuant to the Administrative Review Act (Ill Rev Stats 1961, c 24, § 11–13–13). In order to understand the case it is necessary to refer to the zoning ordinance of the defendant Village. That zoning ordinance is a little more abstruse and esoteric than most zoning ordinances, which is saying a good deal. It provides that the Village is divided into eight classes of Use Districts and seven classes of Volume Districts. Section 4 of the ordinance provides that the following Use Districts designated on the Use map are hereby established:

A—Single family residence district
B—Single family residence district
C—Single family residence district
D—Duplex ' residence district
E—Duplex residence and 4-apartment buildings

The Zoning and Land Use map appears in the record. The legend on the map provides that in Use District D there may be a "35 per cent maximum coverage on inside lots, 40 per cent maximum coverage on corner lots." Use District E has the same provisions in the legend.

The zoning ordinance was passed in 1955. By the zoning ordinance Parcel 1 was placed in a Class D duplex residence district, and Parcels 2 and 3 were

---

' This is shown as "Suplex" residence district in the original ordinance, which we believe to be in error.

placed in a Class E duplex residence and 4-apartment building district classification. Section 11 of the ordinance refers to Class D; section 12 to Class E. As an introduction to sections 11 and 12 it is important to know the previous section of the zoning ordinance—section 7—which deals exclusively with the area regulation of all Use classes. In paragraph (a) of section 7 it is provided that the maximum ground area for Classes A, B or C Uses shall not exceed 35 per cent of the area for a corner lot, or 30 per cent for any other lot in said district. For Class D or Class E, paragraph (b) of section 7 is controlling, and provides that one can use a maximum of 40 per cent of a corner lot, or 35 per cent of any other lot.

The regulations with reference to Class D in section 11 of the ordinance provide, in paragraph (f)(i), that *no dwelling* shall thereafter be erected on any lot having an area of less than 5,800 square feet and shall conform with the regulations as set forth in section 7(a); provided, however, that a single family residence may be erected on any lot having a lesser area if such lot shall have been lawfully platted and recorded in the Office of the Recorder of Deeds in Cook County prior to the passage of this ordinance.[2]

Paragraph (f)(ii) provides that each duplex residence hereafter erected or altered shall provide a lot area of 2,900 square feet for each family unit or apartment and shall conform with the regulations as set forth in section 5(b) and in section 7(b) as set forth herein. It is apparent that there is an inconsistency between paragraphs (i) and (ii) of section 11 in relation to the maximum area usage. Whereas subparagraph (i) allows the use of 30 per cent by reference

[2] As has been pointed out, the lots in question in this lawsuit were platted and recorded before the enaction of the zoning ordinance

to section 7(a), subparagraph (ii) follows the area regulation set out in section 7(b) which allows 35 per cent of the lot area to be covered by a building.

Section 12 of the ordinance deals with Class E duplex residences and 4-apartment buildings. That section provides:

(g)(i) No dwelling shall hereafter be erected on any lot having an area of less than 5,800 square feet and shall conform with the regulations as set forth in section 5, paragraph (c), and in section 7, paragraph (a), and in section 10, paragraph (b).

(g)(ii) Each duplex residence and 4-apartment building hereafter erected or altered shall provide a lot area of 2,000 square feet for each family unit or apartment and shall conform with the regulations as set forth in section 5, paragraph (e), and in section 7, paragraph (b) contained herein.

As previously mentioned, subparagraph (a) of section 7 allows only a 30 per cent usage. Section 12 contains the same area inconsistencies as described before in section 11.

It is impossible to make a sensible construction of the section 11 and section 12 references to section 7 (a) because these sections are not just inconsistent, they are mutually exclusive. Sections 11 and 12 apply to Classes D and E, whereas under the express terms of section 7(a) it applies only to Classes A, B and C. The only part of section 7 which applies to Classes D and E is subparagraph (b) which permits construction on 35 per cent of the ground area.

Furthermore, the terms "dwelling" and "duplex residence" are defined in section 2 of the ordinance.[3] From these, as would be expected, it appears that a duplex residence is a dwelling, but the converse is

306

not true. Thus, section 11(f)(i) which, according to the argument of the Village, limits dwelling construction to 30 per cent (by reference to section 7(a)), would limit a duplex residence or any other kind of residence to 30 per cent also.

From this maze of internal inconsistency we can only conclude that the section 11 and 12 references to section 7(a) were made by mistake, and that section 7(b) was actually intended. If not, then the attempted differentiation is completely unreasonable and unenforceable.

On a motion for summary judgment the trial court entered a decree in favor of the plaintiff which provided, among other things, that the plaintiff could construct a single family dwelling on each of the said parcels of real estate. The decree further held "that insofar as said ordinance purports to limit the maximum ground area of a single family dwelling erected in a Class E or Class D residence district to no more than 30 per cent of the area of the lot, such ordinance is void and unconstitutional." The decree further provides that the structure erected by the plaintiff on each of the parcels of real estate may occupy up to 35 per cent of the ground area to be found in each of said parcels.

In our opinion, the conclusion reached in the decree entered in the Circuit Court of Cook County permitting the erection of structures occupying up to 35 per

---

[3] Dwelling.
 Any building, or portion thereof, which is designed or used exclusively for residential purposes.

Duplex Residence.
 A building entirely separated from any other building by space, designed for, arranged, used or intended to be used as two (2) apartments that are separated with a vertical wall in which there are no communicating doors, windows, or other openings.

cent of the lots was proper. The argument made by the defendant Village that the decision made by the Board of Trustees should have been reviewed under the Administrative Review Act is not tenable. To attempt to reconcile the contradictory provisions of the ordinance would certainly be a matter requiring the Board of Trustees to pass ordinances amending and clarifying its present zoning ordinance. Or, it might be treated as a request for a variance from a confused ordinance. In either case there would be no necessity for an appeal under the provisions of the Administrative Review Act.

Section 19 of the ordinance provides that the Village Board of Trustees may by ordinance determine and vary the applications of the provisions of this ordinance in harmony with their general purpose and intent and in accordance with the rules adopted by this ordinance. The action of the Board of Trustees of the Village contemplates action by ordinance and a review of their action in passing or refusing to pass such an ordinance does not require review under the Administrative Review Act. In Traders Development Corp. v. Zoning Board of Appeals of Peoria County, 20 Ill App2d 383, 156 NE2d 274, the court said:

"The function of Boards of Appeals is twofold. In one instance it acts in a quasi judicial capacity as a reviewing administrative agency, and in the other as a legislative committee acting in an advisory capacity. Village of Justice v. Jamieson et al., 7 Ill App2d 113, 129 NE2d 269. When acting in a quasi judicial capacity, the decision of the Board of Appeals is reviewable as a final administrative decision under the Administrative Review Act, Village of Justice v. Jamieson et al. On the contrary, when acting as a legislative committee, its recommendations to the

legislative body are not so reviewable, there being no final reviewable order. Fox et al. v. City of Springfield, 10 Ill2d 198, 139 NE2d 732.

"In Village of Justice v. Jamieson, involving the County Zoning Act, it was said:

" 'Two types of hearings are thus provided for before the Board of Appeals. Under paragraph 152k.3 it sits as a reviewing administrative agency to determine the validity of an adminisrative act, and from an order entered in such a hearing an appeal may be taken to the courts. Under paragraph 152m it sits as a sort of legislative committee to give parties a hearing and to give the County Board facts with respect to the merits of a proposed amending resolution, as it did in the instant case. In such a case the action having legal significance is the County Board's passage of the amending ordinance.' "

See also Stemwedell v. Village of Kenilworth, 14 Ill 2d 470, 153 NE2d 79.

The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.