Dale E. Artz, et al., Plaintiffs-Appellants, v. Commercial National Bank of Peoria, as Executor of the Estate of Evelyn H. Mathers, Deceased, et al., Defendants-Appellees, and Wayne F. Melcher, et al., Plaintiffs-Appellees.

Gen. No. 69–89.

Third District.

June 17, 1970.

C. B. Ullrrick, of Peoria, for appellants.

Edward F. Sutkowski and Duane G. Stone, of Peoria, for appellees.

RYAN, P. J.

On November 26, 1968, a petition was presented to the City Planning and Zoning Commission of Peoria, requesting the issuance to the Peoria Association for Retarded Children, Inc. of a special permit for the establishment of

a "Shelter-Care Facility" for retarded children on certain premises, the location being immediately adjacent to a restricted residential territory, recently developed. 137 residents of the immediate neighborhood filed written objections with the City Planning and Zoning Commission.

After hearing, the Commission recommended that the petition be denied. On April 1, 1969, however, the Peoria City Council passed an ordinance granting the special use.

Plaintiffs-Appellants filed a petition for Administrative Review with the Circuit Court of Peoria County to which petition the City of Peoria and the Peoria Association for Retarded Children, Inc. filed a Motion to Dismiss on the sole ground that the action of the City Council was a legislative action and not subject to administrative review. The Court sustained the Motion and dismissed the complaint, from which action this appeal is taken.

 The sole question presented by this appeal is whether the Plaintiffs-Appellants have misconceived their remedy. Having considered the cases cited by Appellants and Appellees and the Administrative Review Act (c 110, § 264 et seq., Ill Rev Stats), we are compelled to rule that Plaintiffs-Appellants have indeed chosen the wrong remedy and that the trial court properly dismissed their petition. The Administrative Review Act was created and designed to provide a means and a procedure for judicial review of administrative decisions of administrative agencies. The Act does not provide for judicial review of legislative acts of legislative bodies. While legislative acts can be reached in an appropriate case, e. g., through proceedings for declaratory judgment, such remedy and declaration was not sought in this case. Thus, it is neither for the trial court nor this court to pass on the merits of the allegations of

the Plaintiffs-Appellants that might have been raised in a different proceeding.

■ Numerous decisions of the Illinois Appellate and Supreme Courts have clearly established the principle that ordinances enacted by county boards of supervisors or municipal governing boards are legislative acts of legislative bodies. Kotrich v. County of DuPage, 19 Ill2d 181, 166 NE2d 601; Klein v. Village of LaGrange, 93 Ill App2d 318, 236 NE2d 351; Village of Justice v. Jamieson, 7 Ill App2d 113, 129 NE2d 269; Downey v. Grimshaw, 410 Ill 21, 101 NE2d 275; Forbes v. Hubbard, 348 Ill 166, 180 NE 767; Anthony v. City of Kewanee, 79 Ill App2d 243, 223 NE2d 738.

■ Section 265 of the Administrative Review Act provides: "This Act shall apply to and govern every action to review judicially a final decision of any administrative agency . . . ." The action of the Peoria City Council now being considered under the cases cited above was the action of a legislative body and not of an administrative agency and thus not reviewable under the Administrative Review Act.

The plaintiff attempts to distinguish Kotrich v. County of DuPage, supra, from the case at bar contending that in Kotrich the action was against a county which along with its officer are constitutional entities and possess certain inherent legislative powers. That, on the other hand, a municipal corporation is a creature of the legislature and the City Council has no power excepting that which has been granted to it by the legislature. We do not think this distinction is significant in this case. The above-cited cases involve actions by both counties and municipal corporations and the courts have held the action taken to be legislative in nature in both situations. A legislative determination cannot be transformed into a decision of an administrative agency and thus review-

able under the Administrative Review Act by simply alleging certain defects in the legislative process.

The plaintiffs urge that when administrative review is sought in the Circuit Court that Court's jurisdiction extends to all matters properly pertaining to the case submitted for decision. Plaintiffs cite Howard v. Lawton, 22 Ill2d 331, 175 NE2d 556, as holding that the constitutionality of a zoning ordinance may be tested in an administrative review proceeding. We do not dispute this holding. We do wish to point out, however, that the Howard case was an administrative review action instituted to review the decision of an administrative agency and not to review a determination of a legislative body.

For the above reasons, we are of the opinion that the trial court properly granted defendants' motion to dismiss the complaint for administrative review.

Affirmed.

STOUDER and ALLOY, JJ., concur.