JAMES R. FITZPATRICK, Exr. of the Last Will and Testament of Florence C. Fitzpatrick, Deceased, Plaintiff-Appellant, *v.* THE CITY OF SPRINGFIELD, Defendant-Appellee.

(No. 11770;

Fourth District—March 7, 1973.

318

Duane L. Traynor, of Traynor & Hendricks, of Springfield, for appellant.

Robert C. Walbaum, of Springfield, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

The circuit court of Sangamon County held that the Administrative Review Act (Ill. Rev. Stat. 1969, ch. 110, par. 265, *et seq.*), was not available to review the refusal by the City of Springfield of plaintiff's petition to grant conditional permitted uses to operate a Lincoln Era Wax Museum and Gift Shop in the Lincoln Home area and to waive all set-back, side-yard, rear-yard and off-street parking requirements. After appropriate hearings before the Zoning Board of Appeals and the Historical Sites Commission, the City Council followed the respective recommendations of such agencies and denied the petitions. Plaintiff filed a four-count suit. Counts II, III and IV seek relief by way of declaratory judgment. The city has answered and these three counts are at issue and reposing in the trial court. Count I sought relief by way of administrative review. In a carefully considered opinion, the trial court dismissed Count I on the motion of the city and entered judgment. Such dismissal was based on the conclusion that the action of the City Council was legislative and not administrative, and thus no appeal under the Administrative Review Act would lie. The court likewise found that no just reason existed for delaying the appeal and it was taken directly to the Supreme Court. That court transferred it to us for decision.

The narrow issue before us is whether the action of the City Council was administrative in law or in fact and thus reviewable under the Administrative Review Act, or whether it is legislative and not subject to

such review under that Act. For the factual background of the litigation, reference is made to our opinions in *Rebman v. City of Springfield*, 111 Ill.App.2d 430, 250 N.E.2d 282, and *M & N Enterprises, Inc. v. City of Springfield*, 111 Ill.App.2d 444, 250 N.E.2d 289. On August 18, 1971, the 92nd Congress of the United States authorized the Secretary of the Interior to establish the Lincoln Home a national historic site. (Public Law 92-127.) And it has been so established.

In Count 1, the plaintiff charges that the statutory under-pinnings for the actions taken by the city (Ill. Rev. Stat. 1969, ch. 24, pars. 11—13—4 and 5), are unconstitutional in authorizing a city of less than 500,000 population to reserve to itself the right to pass on zoning variations, while in municipalities of over 500,000 population zoning variations are for a board of appeals whose actions are made final by the statute and subject to administrative review. Secondly, these paragraphs are unconstitutional because par. 11—13—5 permits municipalities of less than 500,000 population the right by its own legislative fiat to determine whether it will reserve to itself the right to determine variations and conditional uses, while another municipality in the same population category may, if it cares to do so, make zoning variations by action of the Board of Appeals final and thus make available to their citizens a review of such action under the Administrative Review Act. Lastly it is asserted that the act of the City Council in declaring their approval or disapproval of conditional uses and variances makes the City Council the final arbiter of the matter and converts this legislative body into an administrative body within the purview of the Administrative Review Act.

■■ We turn our attention first to the last proposition. If we accept the conclusion that the action of the City Council is administrative rather than legislative, then the constitutional questions fade into insignificance.

The plaintiff relies heavily on *Appeal of Clements*, Court of Appeals of Ohio, 2 Ohio App.2d 201, 207 N.S.2d 573, where under basically similar situations the Ohio court held that the passage of an ordinance granting a variance was administrative rather than legislative and therefore was subject to judicial review. The principal thrust of that decision is the determination that where the City Council reserves to itself the final determination of whether a conditional use or variance should be allowed, it sets itself up as the final municipal arbiter as to whether such variance in the application of a zoning ordinance is or is not to be granted to a particular property; that the City Council is then not functioning as a legislative body, but as a "quasi-judicial body for that purpose, and is thereby performing strictly an administrative function". The same position was taken in the special concurring opinion in *Ward v. Village of*

*Skokie,* 26 Ill.2d 415, 186 N.E.2d 529. It was urged that the granting of a particular use or a variance as to a particular property is a single decision on a concrete set of facts affecting only the particular property and the particular party. Thus, it is not an act legislating for everybody in the same class, but a special determination covering a one-time shot only, and thus administrative.

In his brief the plaintiff urges the adoption of the rule enunciated in the *Ohio* opinion and in the special concurring opinion in *Ward.* The plaintiff suggests that Illinois should now align itself with those States holding that the act of the City Council here is administrative rather than legislative. The difficulty is that plaintiff seeks total waiver of set-back and parking restrictions while the ordinance limits such reduction to 10%. A new ordinance is required and the views expressed in the special concurrence in *Ward* do not apply. In *Artz v. Commercial National Bank of Peoria,* 125 Ill.App.2d 86, 259 N.E.2d 813, our colleagues on the Third District squarely held that the Administrative Review Act is the wrong remedy to review the action of the City Council of Peoria in passing an ordinance granting a special use. In that instance, the City Council did not follow the recommendations of the City Planning and Zoning Commission of Peoria. It was observed in that opinion at p. 87: "The Administrative Review Act was created and designed to provide a means and a procedure for judicial review of administrative decisions of administrative agencies. The Act does not provide for judicial review of legislative acts of legislative bodies. While legislative acts can be reached in an appropriate case, *e.g.,* through proceedings for declaratory judgment, such remedy and declaration was not sought in this case. Thus, it is neither for the trial court nor this court to pass on the merits of the allegations of the Plaintiffs-Appellants that might have been raised in a different proceeding". The constitutional questions here presented were not considered in *Artz.*

■■■ We are not persuaded that the challenged sections of the statute and the Springfield zoning ordinances adopted thereunder violate Art. IV, sec. 2, of the Illinois Constitution of 1970 which prohibits class legislation nor is it a denial to the citizens of Springfield of either due process or equal protection of the law. As stated in *City of Danville v. Industrial Com.,* 38 Ill.2d 479, 231 N.E.2d 404, the presumption prevails that the General Assembly acted conscientiously in the passage of a particular statute and the courts will not interfere with its judgment unless it can be seen that the classification is clearly unreasonable and palpably arbitrary and all reasonable doubts are to be resolved in favor of upholding the validity of the statute. (*Latham v. Board of Education,* 31 Ill.2d 178, 201 N.E.2d 111.) It surely requires no citation of authority

to judicially notice that the statutory enactments are legion which are based upon classifications grounded upon population and such a statute is not *per se* a special or local law. They are founded on a rational difference of situation or condition existing in the persons or object upon which it rests and the purposes to be accomplished. (*Du Bois v. Gibbons,* 2 Ill.2d 392, 118 N.E.2d 295.) Nor is it *per se* unconstitutional to permit the governing body of a municipality to make a determination for itself whether certain statutes apply within the confines of that municipality. (*City of Danville v. Industrial Com.,* 38 Ill.2d 479, 231 N.E.2d 404.) In that case, the Supreme Court held that an act permitting a city to determine by designating the police officers as officials and thus excluding them from the operation of the Workmen's Compensation Act did not create an unreasonable classification by the division of policemen into two classes and did not violate Art. IV, sec. 22, of the 1870 Illinois Constitution. It flies into the face of reality to say that on the question of variations and special uses, the time required and the problems presented in the city of Chicago is time-wise, number-wise and otherwise no different from those that exist in smaller communities. There is therefore a sound basis for making the decision of a Zoning Board of Appeals final and subject to administrative review in the city of Chicago and to permit downstate cities to determine for themselves whether the action of the Zoning Board of Appeals is final and appealable under the Administrative Review Act or whether it is only a recommendation to the City Council. As noted in *Artz,* the recommendation of the Zoning Board of Appeals in Peoria was not followed and there was no administrative review. In *Rebman,* we noted that under the Springfield ordinance, the action of the Zoning Board of Appeals and the Historical Sites Commission was advisory. Indeed the power exercised by the City Council authorizing the preservation of historical and other special areas may in truth establish a basis for differentiation between the powers exercised under that Act and those under the general zoning statute. A careful reading of Ill. Rev. Stat. 1969, ch. 24, pars. 11—48.2—3 and 4 suggests that the city may create an administrative agency or may itself perform the powers conferred upon it by the statute. Paragraph 11—48.2—4 suggests that no action taken by the municipality may be without due notice and an opportunity to be heard at a public hearing and "if such action is taken by administrative decision as defined in Section 1 of the 'Administrative Review Act', * * * it shall be subject to judicial review * * *". This paragraph when read in connection with the preceding paragraph definitely implies that when the administration of the Act is conducted by the City Council there is no review under the Administrative Review Act, but it is only when the municipality transfers to some administrative

agency the authority to administer the Act as to historical sites that there is an administrative review. There is sound basis for considering the historical site classification as a single entity and a reasonable classification and it is recognized both in the statute and in the Springfield ordinance. Section 49.9.24 of the Springfield ordinance states that "The Historical Sites Commission may recommend and the council may impose appropriate conditions and safeguards designed to assure that the use will be conducted in a manner compatible with the historic heritage of the area". In addition, the Declaratory Judgment Act provides for judicial review and thus there is no denial either of equal protection of the law or of due process. The plaintiff will have his day in court under the three counts remaining in the circuit court and the judgment of the trial court in denying administrative review on Count I should be and it is hereby affirmed.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.