RUSSELL ERLINGER et al., Plaintiffs-Appellees, v. THE CITY COUNCIL OF THE CITY OF BELLEVILLE et al., Defendants-Appellants.

(No. 74-126;

Fifth District—April 30, 1975.

Robert J. Sprague, of Belleville, for appellants.

William D. Stiehl, of Belleville, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of St. Clair County invalidating an ordinance of the City Council of Belleville which changed the zoning classification of the property of plaintiffs-appellees from single family residential to multifamily residential. The court further directed the City to reclassify the property as heavy commercial. The suit filed in the circuit court purportedly was pursuant to the provisions of the Administrative Review Act. Ill. Rev. Stat. 1973, ch. 110, par. 264 et seq.

On appeal, defendants-appellants urge that the plaintiffs did not meet the burden of proof justifying reclassification of the property; that the zoning designation of property should be changed only when the public good demands it; and that the trial court erred in not limiting its inquiry to the issue of the manifest weight of the evidence. In the view we take of the case, however, we cannot reach these issues.

The plaintiffs filed a petition for administrative review from the legislative act of the City Council of the City of Belleville refusing to reclassify plaintiffs' property under the zoning ordinance of the City. Although the petition for administrative review refers to the City Council as an administrative agency, it is obvious that the City Council is a legislative body; and in the instant case its action in refusing to reclassify plaintiffs' property to their liking was embodied in an ordinance, the usual and customary means by which municipal legislative bodies act.

● ■ It is well settled that the Administrative Review Act cannot be employed to review the exercise of an act of discretion by a legislative body. (*Fitzpatrick v. City of Springfield*, 10 Ill.App.3d 317, 293 N.E.2d 712 (1973); *Artz v. Commercial National Bank*, 125 Ill.App.2d 86, 259 N.E.2d 813 (1970); *Camardo v. Village of La Grange Park*, 61 Ill.App.2d 302, 210 N.E.2d 16 (1965); *Traders Development Corp. v. Zoning Board of Appeals*, 20 Ill.App.2d 383, 156 N.E.2d 274 (1959).) This court has recently reaffirmed this settled principle of law in *Meyer v. County of Madison*, 7 Ill.App.3d 289, 287 N.E.2d 159 (1972).

■ ■ This point was never raised, either in the trial court or in this court. But the silence of the parties cannot vest the circuit court with jurisdiction which is otherwise clearly not granted to it. In *Flowers v. Village of Indian Creek*, 22 Ill.App.3d 6, 316 N.E.2d 552 (1974), the court stated:

> "Where the final action is taken by the legislative body it is not an administrative decision within the purview of the Administrative Review Act. The filing of a count under the Administrative Review Act procedures here was a nullity and the order purporting to affirm the actions of the Village Board of Indian Creek was void and without jurisdiction. [Citation.]" (22 Ill.App.3d 6, 9, 316 N.E.2d 552, 555.)

As observed in *Flowers*, it was the duty of the trial court to dismiss the petition for administrative review on its own motion. That the court did not do so here gives us no jurisdiction to consider the merits of the case.

Accordingly, the order of the Circuit Court of St. Clair County is reversed and the petition for administrative review is dismissed.

Reversed; petition dismissed.

JONES, P. J., and G. MORAN, J., concur.