RONALD WOOLFOLK *et al.*, Plaintiffs-Appellants, *v.* BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF ROBBINS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 78-1767

Opinion filed November 30, 1979.

Ronald H. Balson, of Chicago, for appellants.

Herbert H. Fisher and Douglas Polsky, both of Chicago, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiffs appeal the order of the trial court granting defendants' motion for summary judgment in an action seeking the reconstitution of the village of Robbins police force which had been abolished by village officials. They contend that genuine issues of material facts existed on whether the abolition of the police force constituted a mere ploy to avoid the Illinois statutes governing due process procedure for the dismissal of municipal policemen. We affirm.

Plaintiffs, several police officers with the village of Robbins (village) police department, lost their jobs on March 1, 1978. They filed suit in two counts claiming in count I that the defendant village administrator "without any lawful or reasonable cause and without legal right or authority, discharged * * * [them] and refused to permit them to work at any time subsequent to March 7, 1978 * * * ." They stated that such action by the administrator constituted an attempt to usurp the authority of the defendant village board of fire and police commissioners which was the body charged with the sole power to remove or discharge the police officers. Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—17.

Plaintiffs attached to its complaint a March 3 letter and a March 4 memorandum as evidence of the unlawful action of the administrator. The March 3 letter, which was addressed to the police department among others, provided in pertinent part:

"Pursuant to the powers invested in me as Village Administrator, I declare that the public safety in the Village of Robbins to be in a state of emergency. Therefore, I have recommended to the Board of Trustees that the following measures be taken (these have been approved by the Board):

1. The Robbins Police Department and Police Commission Board as presently structured will be abolished and current (regular) police personnel will be PLACED ON FURLOUGH WITH PAY until such time as an acceptable Reorganization Plan can be developed and approved by the Mayor and Board of Trustees. This will be done as expeditiously as possible. The Fire Commission Board function will remain intact.

2. Police Services will be provided on a contract basis for a period not to exceed one year.

Several officers have served the Village of Robbins police force commendably. We will make every attempt to utilize their skills in the future."

The March 4 memorandum, also addressed to the police department, explained the effect of the abolition of the force and reiterated that the officers would have furlough status and that the village had made provisions for other police service. Plaintiffs claim that as a result of the actions of the administrator they were "removed" from the force and as such ought to have been provided with certain due process safeguards, including notice and a hearing. They ask that the action of the administrator be reviewed as an administrative decision so that it may be reversed and set aside.

In count II, they claimed that three ordinances passed by the defendant village board of trustees violated provisions of the Illinois

Municipal Code (Code) (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—1 *et seq.*). First, they claimed that Ordinance No. 3—1—78, which was passed on March 1, 1978, and entitled "An Ordinance Abolishing the Robbins Police Department and Establishing Contract Police and Safety Services," violated section 10—2.1—17 of the Code since the ordinance resulted in a "removal" of the officers from the department without first affording them procedural rights guaranteed by section 10—2.1—17 (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—17). Plaintiffs stated that the passing of this ordinance was a mere guise employed to circumvent the procedural safeguards of section 10—2.1—17. Next, plaintiffs claimed that Ordinance No. 5—8—78, which was passed on May 8, 1978, and entitled "An Ordinance Revising the Board of Fire and Police Commissioners," violated the requirements of the Code, particularly sections 10—2.1—17 and 10—2.1—18 (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—18). Although not clear from the pleadings, they apparently stated that the ordinance violated 10—2.1—18 because after the supposed abolition of the force, new officers were hired to carry on police functions without first affording plaintiffs a right to priority reinstatement as guaranteed by section 10—2.1—18. They apparently state that the ordinance violated section 10—2.1—17 because it is further proof that the defendants' intent from the very start was to "remove" plaintiffs from the department without first affording them due process rights. Last, plaintiffs apparently claimed that Ordinance No. 5—8—78A, which was also passed on May 8, 1978, entitled "An Ordinance Creating a Department of Public Safety," violated section 10—2.1—17 also because it proves that the defendants' original intent was to "remove" plaintiffs from the department without first affording them their section 10—2.1—17 rights.

Defendants' answer denied that the actions of the administrator were unlawful and stated affirmatively that plaintiffs had lost their positions in the department as a result of the abolition of the department by Ordinance No. 3—1—78 and not as a result of any discharge or removal by the administrator. The answer also denied that any of the ordinances violated any of the statutory sections cited by plaintiffs and denied that any person had been hired to replace any of the plaintiffs. The answer admitted that defendants had entered into a one year contract with the Cook County sheriff's police in which the sheriff's police had agreed to provide all personnel, facilities, and equipment necessary to render police service for the village.

On May 26, 1978, defendants filed a motion for summary judgment and an accompanying affidavit claiming that no genuine issue of material fact existed as to either count I or count II of plaintiffs' complaint. They stated that there was no genuine issue as to count I because the decision to abolish the police department was a legislative decision, as evidenced by

Ordinance No. 3—1—78, and as such not reviewable under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq*). They stated that there was no genuine issue as to count II because plaintiffs did not allege any recognizable basis for finding the ordinances unlawful. The affidavit of defendants' attorney stated that no persons had been hired to replace the furloughed plaintiffs and that the Cook County sheriff's police were then providing police service pursuant to a one-year contract, the cost of which was being paid by a Federal grant. Plaintiffs filed a response which essentially repeated the allegations of their complaint. Additionally, they filed an affidavit of one of the plaintiffs in which the plaintiff stated that to his direct knowledge village police functions were then being carried on by officers other than plaintiffs.

On June 14, 1978, the trial court granted defendants' motion for a summary judgment. Plaintiffs appeal from this order.

OPINION

Plaintiffs contend that a genuine issue of material fact exists as to whether the decision of the village administrator and the acting chief of police to abolish the village police force, as evidenced by the March 3 and 4 communications, was made to circumvent the Illinois statute governing due process procedure for the dismissal of municipal policemen (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—17). They argue that the decision amounted to an administrative decision and as such is reviewable under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*). We disagree.

■■■ The Administrative Review Act provides for judicial review of the final decisions of administrative agencies. (Ill. Rev. Stat. 1977, ch. 110, par. 265.) It cannot be used to provide for review of legislative acts of legislative bodies. (*Erlinger v. City Council* (1975), 28 Ill. App. 3d 324, 328 N.E.2d 663.) Ordinances enacted by municipal governing boards amount to legislative acts of legislative bodies. *Artz v. Commercial National Bank* (1970), 125 Ill. App. 2d 86, 259 N.E.2d 813

■ We cannot agree with plaintiffs' argument that the March 3 and March 4 communications evidence administrative decisions because they led to their discharge from the village police force. The village police force was abolished by ordinance on March 1, 1978. Plaintiffs lost their position on the village police force by virtue of this ordinance and not by the virtue of the communications. The March 3 letter was a mere acknowledgment of a recommendation which was made to the village board of trustees and acted upon by them and the March 4 memorandum was no more than an official explanation of the effect of the abolition of the village police force. Since plaintiffs' positions on the police force were abolished by ordinance, they cannot seek review under the Administrative Review Act

because the ordinance is a legislative act which is not reviewable under the Act.

Nonetheless, the ordinance may be reviewable in a declaratory judgment action if it is alleged that the ordinance is unlawful. Plaintiffs have made such an allegation and have also alleged that ordinance Nos. 5—8—78 and 5—8—78A are also unlawful. They contend that genuine issues of material facts exist as to whether Ordinance No. 3—1—78 violates section 10—2.1—17 of the Code, Ordinance No. 5—8—78 violates section 10—2.1—17 and 10—2.1—18, and Ordinance No. 5—8—78A violates section 10—2.1—17. We disagree.

■ Section 10—2.1—17 provides a procedure for the removal or discharge of a police officer for cause. The "cause" necessary for removal or discharge is "some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognizes as good cause for his no longer holding the position."(*Nation v. Board of Fire & Police Commissioners* (1976), 40 Ill. App. 3d 384, 387, 352 N.E.2d 464, 467.) Plaintiffs did not lose their positions on the police force because of any "cause." Plaintiffs lost their positions as a result of an ordinance which abolished the force. When positions have been abolished and there has not been a dismissal for cause, the procedure listed in section 10—2.1—17 is inapplicable. Thus, Ordinance No. 3—1—78 cannot be said to violate this section.

Section 10—2.1—18 provides the procedure to be followed when positions have been abolished. Section 10—2.1—18 provides that when positions have been abolished:

"* * * seniority shall prevail and the officers and members * * * removed from the service * * * of the police department shall be considered furloughed without pay.

If any positions which have been vacated because of reduction in forces or displacement and abolition of positions, are reinstated, such members and officers of the * * * police department as are furloughed from the said positions shall be notified by the board * * * and shall have prior right to such positions if otherwise qualified, and in all cases seniority shall prevail." (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—18.)

The March 4 memorandum indicates the village officials did intend to place the officers on furlough, and did intend to reinstate in accordance with this procedure if and when a new police department was created. Thus, we find no evidence indicating a violation of section 10—2.1—18.

Plaintiffs argue, however, that the abolition of the police force was a ruse employed to remove certain officers from the force without

following the procedural requirements of section 10—2.1—17. They claim that this becomes evident when one considers that within months of the abolition of the force, the village passed ordinances creating a new police force and revising the board of fire and police commissioners, yet, none of the plaintiffs had been reinstated to the force.

■■ We do not find that either of these ordinances indicates that the village of Robbins had in fact formed a new police force and was hiring to fill positions on the force. Although Ordinance No. 5—8—78A purportedly created a department of public safety containing a police division, there is no support for a finding other than the police services were being handled by the Cook County sheriff's police pursuant to the one year contract referred to in the March 3 and March 4 communications and in the affidavit attached to defendants' summary judgment motion. The record does not indicate if the police division purportedly created by Ordinance No. 5—8—78A had been formed and if any hiring had been completed. The mere fact that the affidavit attached to plaintiffs' response to the motion for summary judgment contains a statement that the village police functions were being carried on by officers other than plaintiffs does not alter this conclusion since this statement was in line with defendants' statement that Cook County sheriff's police had contracted to handle these functions. Without any support for plaintiffs' argument, we cannot say that plaintiffs were not afforded their rights in accordance with section 10—2.1—18.

Similarly, we do not believe that Ordinance No. 5—8—78, which revised the board of fire and police commissioners, supports the conclusion that a new police force had been formed and its positions were being filled by officers other than plaintiffs. Defendants point out that this ordinance merely revised the board of fire and police commissioners so as to comply with requirements of the Code. Without any support that it somehow resulted in the formation of a new police force and a hiring policy in contradiction to section 10—2.1—18, we cannot say this ordinance violated either of the statutory sections cited by plaintiffs.

Plaintiffs ask us to consider the spirit of the law in making our determination on this issue. They state that we should rule that the ordinances in question violate sections 10—2.1—17 and 10—2.1—18 because it is apparent from the circumstances of this case that the village officials were merely trying to solve the problem of removing troublesome police officers without having to afford certain procedural safeguards. We do not find that the record supports such a conclusion. Additionally, we cannot avoid reaching the conclusion that what plaintiffs are actually asking us to do is to look into the motives of the village lawmakers. This we are not constitutionally empowered to do. *Tuite v. City of Loves Park* (1967), 82 Ill. App. 2d 214, 225 N.E.2d 817.

If at some point there is evidence that the village has reconstituted its police force without affording plaintiffs the priority rights afforded to them by section 10—2.1—18, plaintiffs will then have a cause of action against the village. On the present record, however, there is no support for such a cause of action.

Since the record before us raises no genuine issues as to any material facts involving the points raised by plaintiffs, the judgment of the trial court will be affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.