JOHN YOUNG *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF
BELLEVILLE *et al.*, Defendants-Appellees.

Fifth District   No. 82—349

Opinion filed June 10, 1983.—Rehearing denied July 11, 1983.

JONES, J., specially concurring.

Dunham, Boman & Leskera, of East St. Louis (Eric C. Young, of counsel), for appellants.

Robert J. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellee City of Belleville.

Weihl & Millard, Ltd., of Belleville (Donald E. Weihl, of counsel), for other appellees.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

This is an appeal from an order granting defendants' motion to dismiss plaintiffs' second amended complaint. Plaintiffs are citizens who own or occupy real estate adjacent to or in the immediate vicinity of property for which a zoning variance was sought. Defendants, Thomas E. Wobbe, Ronald Noble, Raymond Geller and Clifford F.

Flood, d/b/a Carriage House Place Associates, planned to build 30 apartments in a building located at 115 East "B" Street, Belleville, Illinois. They sought a variance on the number of parking spaces needed to accommodate the building, hoping to reduce the requirement from 50 to 18. The building was being designed as a subsidized apartment complex for elderly patrons who would not need as large a parking facility as the public generally.

When defendants first filed their application for variance, the zoning board of appeals recommended to the Belleville city council that the application be granted. The council, however, denied the application. The defendants filed a second variance application with the board a short time later and, after receiving another favorable recommendation from the board, the city council granted it. (Ordinance 3817.) Plaintiffs thereafter filed suit challenging the council's action. Defendants, the city of Belleville and Carriage House, moved to dismiss. The motion was granted and plaintiffs appeal.

Because the trial court did not specify on what grounds it was basing its dismissal, the plaintiffs have addressed each of the points contained in defendants' motion. Thus, on appeal, they assert first that they did have standing to attack the variance. Second, they challenge the defendants' reapplication for variance as procedurally improper. Finally, they maintain that the present action was not rendered moot by the powers of the city of Belleville to exempt certain properties from the zoning ordinance or to revoke the zoning ordinance in its entirety.

We find it unnecessary to address the issues raised in plaintiffs' brief, however, because of the argument made by defendants on appeal that the circuit court had no subject matter jurisdiction. The essence of defendants' position is that plaintiffs improperly sought review of the council's actions via the Administrative Review Act and various other statutes and ordinances which deal with review of agency decisions. Defendants maintain that plaintiffs, in effect, view the board and the council as administrative agencies and treat the entire matter as if it were governed by principles of administrative law. They point out that decisions made by a city council are legislative, not administrative, in nature. (*Erlinger v. City Council* (1975), 28 Ill. App. 3d 324, 325, 328 N.E.2d 663.) A legislative decision such as the enactment of ordinance 3817 is reviewable through a declaratory judgment proceeding challenging the validity of the ordinance. (*Fitzpatrick v. City of Springfield* (1973), 10 Ill. App. 3d 317, 320, 293 N.E.2d 712.) A complaint seeking to have an ordinance declared invalid must allege that it is "arbitrary, capricious and unreasonable"

and bears "no substantial relation to the public health, safety or general welfare" (*Jeisy v. City of Taylorville* (1980), 81 Ill. App. 3d 442, 449, 401 N.E.2d 627), or in some other way violates the plaintiffs' constitutional rights. (See *Woolfolk v. Board of Fire & Police Commissioners* (1979), 79 Ill. App. 3d 27, 29, 398 N.E.2d 226.) Defendants note that the complaint here failed to allege the necessary constitutionally based violations. Therefore, because the complaint sought administrative relief and because it failed to allege any constitutional infringements, defendants argue that it did not vest the circuit court with subject matter jurisdiction. See *Flowers v. Village of Indian Creek* (1974), 22 Ill. App. 3d 6, 316 N.E.2d 552.

■ Although plaintiffs did title their original complaint "Complaint For Declaratory Judgment," the relief they sought therein amounted to administrative relief. In count I of their second amended complaint, they cited to section 11—13—12 of the Illinois Municipal Code. That section sets forth the procedure for appealing to the board of appeals. (Ill. Rev. Stat. 1981, ch. 24, par. 11—13—12.) It provides for administrative review of the board's decision in those situations in which the decision is an administrative one, both final and appealable. (See *Traders Development Corp. v. Zoning Board of Appeals* (1959), 20 Ill. App. 2d 383, 388-89, 156 N.E.2d 274.) But this provision has no application where the board's decision was advisory only and where the real challenge is being directed at the validity of legislative actions taken by the council. Administrative statutes and case law have no bearing in a suit to review "the exercise of an act of discretion by a legislative body." *Erlinger v. City Council* (1975), 28 Ill. App. 3d 324, 325.

■ Zoning is a legislative function, "subject to court review only for the purpose of determining whether the power, as exercised, involves an undue invasion of private constitutional rights without a reasonable justification in relation to the public welfare." (*Thompson v. Cook County Zoning Board of Appeals* (1981), 96 Ill. App. 3d 561, 575-76, 421 N.E.2d 285.) Although count I did challenge the validity of ordinance 3817, it contained no allegations that the city council's acts were "unconstitutional" or "arbitrary, capricious, and unreasonable," or that they bore "no substantial relation to the public health, safety, or general welfare." Instead, in the prayer for relief, plaintiffs stated that their ground for declaring the ordinance invalid was that "the city had no authority to grant the variance after it had denied the variance on a previous occasion." Thus, they sought a declaration that the defendants did not follow the proper procedures set forth for appeal of an administrative decision, not a determination that the or-

dinance was invalid on constitutional grounds. Count II of the second amended complaint was identically flawed.

We note, parenthetically, that count III of plaintiffs' original complaint did contain an allegation of "unreasonable and arbitrary" and "unconstitutional," but this count was voluntarily dismissed on plaintiffs' own motion. Similarly, in the prayer for relief of count II of the original complaint, plaintiffs had requested a determination that the ordinance was unconstitutional. However, as noted previously, neither the original count II nor subsequent amendments to count II contained the necessary allegations of constitutional violations.

Those allegations which remained in the second amended complaint were insufficient to invoke the jurisdiction of the trial court. Consequently, the complaint was properly dismissed at the pleading stage.

The order of the circuit court of St. Clair County is hereby affirmed.

Affirmed.

WELCH, J., concurs.

JUSTICE JONES, specially concurring:

The majority has left unsaid the fact that article VI, section 9, of the Illinois Constitution of 1970 confers original jurisdiction of all justiciable matters upon circuit courts. Accordingly, it is incorrect to say that the circuit court of St. Clair County did not have jurisdiction to consider the validity of the ordinance in question. Patently, it does have such jurisdiction. Since the amended complaint before the court was couched in terms of review of an administrative decision, it was insufficient to invoke the jurisdiction of the circuit court to declare the ordinance invalid upon constitutional grounds. The matter of the constitutionality of the ordinance was not placed before the circuit court. It was this deficiency in pleading that rendered the second amended complaint insufficient to invoke the jurisdiction of the circuit court to declare the ordinance invalid on constitutional grounds.